Case No. 20-4023

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**RICHARD JENKS,**

**Petitioner/Appellant,**

**v.**

**UNITED STATES OF AMERICA,**

**Respondent/Appellee.**

On Appeal from the United States District Court
For the District of Utah, Central Division
The Honorable Clark Waddoups, District Judge
District Court Case No. 2:19-cv-00094-CW

**APPELLEE'S SUPPLEMENTAL APPENDIX**

**VOLUME I**

JOHN W. HUBER
United States Attorney
District of Utah

Elizabethanne C. Stevens
Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone (801) 524-5682
Elizabethanne.Stevens@usdoj.gov

Attorneys for Respondent/Appellee

## VOLUME I

| DE # | DATE | DOCUMENT | PAGE # |
|------|------|----------|--------|
|  |  | Civil Court Docket 2:19-cv-00094-CW | 1-4 |
| 9 | 04/19/2019 | United States' Response in Opposition to Petitioner's § 2255 Motion | 5-15 |
|  |  | Criminal Court Docket 2:15-cr-00072-CW-1 | 16-37 |
|  | 09/21/2015 | Status Conference Transcript | 38-52 |
| 162 | 06/17/2016 | Sentencing Transcript | 53-75 |

## SEALED VOLUME II

| DE # | DATE | DOCUMENT | PAGE # |
|------|------|----------|--------|
| 125 | 06/02/2016 | Presentence Investigation Report | 76-93 |

<u>Q</u>uery    Reports    <u>U</u>tilities    Help    Log Out

STAYED,2255,APPEAL,CLOSED,NOIPT,PRISONER

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00094-CW

Jenks v. USA
Assigned to: Judge Clark Waddoups
Case in other court:  Tenth, 20-04023
                 USDC Dist. UT, 2:15cr00072 CW
Cause: 28:2255 Motion to Vacate Sentence

Date Filed: 02/11/2019
Date Terminated: 01/22/2020
Jury Demand: None
Nature of Suit: 510 Prisoner: Vacate Sentence
Jurisdiction: U.S. Government Defendant

**<u>Petitioner</u>**

**Richard Jenks**

represented by **Andrew Parnes**
LAW OFFICE OF ANDREW PARNES
PO BOX 5988
671 FIRST AVE N
KETCHUM, ID 83340
(208)726-1010
Email: aparnes@mindspring.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ann Marie Taliaferro**
BROWN BRADSHAW & MOFFAT PLLC
422 N 300 W
SALT LAKE CITY, UT 84103
(801) 532-5297
Email: ann@brownbradshaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**<u>Respondent</u>**

**USA**

represented by **J. Drew Yeates**
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176
(801)325-3252
Email: drew.yeates@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

1

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2019 | 1 | MOTION to Vacate, Set Aside or Correct Sentence (2255). Related case: 2:15cr00072 CW. No filing fee required. AUSA added to the case: Yes. filed by Richard Jenks. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Civil Cover Sheet ) Assigned to Judge Clark Waddoups (tlh) (Entered: 02/11/2019) |
| 02/11/2019 | 2 | MOTION for Admission Pro Hac Vice of Andrew Parnes *and Consent of Local Counsel*, Registration fee $ 250, receipt number 1088-3202345, filed by Petitioner Richard Jenks. (Attachments: # 1 Text of Proposed Order)(Taliaferro, Ann) (Entered: 02/11/2019) |
| 02/13/2019 | 3 | ORDER TO SHOW CAUSE- Plaintiff is directed to respond in writing by 3/1/19 why his Motion should not be dismissed under 28 U.S.C. 2255(f)(1). Signed by Judge Clark Waddoups on 2/13/19. (jmr) (Entered: 02/13/2019) |
| 02/13/2019 | 4 | ORDER granting 2 Motion for Admission Pro Hac Vice of Andrew Parnes for Richard Jenks. *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at http://www.utd.uscourts.gov* . Signed by Judge Clark Waddoups on 2/13/19. (jmr) (Entered: 02/13/2019) |
| 02/26/2019 | 5 | RESPONSE TO ORDER TO SHOW CAUSE re 3 Order to Show Cause filed by Richard Jenks. (Attachments: # 1 Exhibit Tenth Circuit Decision, # 2 Exhibit Stipulation)(Parnes, Andrew) (Entered: 02/26/2019) |
| 02/27/2019 | 6 | ORDER DIRECTING GOVERMENT TO RESPOND TO 2255 MOTION- re 1 Motion to Vacate/Set Aside/Correct Sentence (2255), filed by Richard Jenks. The court respectfully instructs the Government to respond to Mr. Jenks' Motion within28 days of the entry of this Order. Mr. Jenks may file a reply to the Governments Response within 28 days of service of the Response. Signed by Judge Clark Waddoups on 2/27/19. (jmr) (Entered: 02/27/2019) |
| 03/25/2019 | 7 | MOTION for Extension of Time to File Response/Reply as to 1 Motion to Vacate/Set Aside/Correct Sentence (2255), filed by Respondent USA. (Attachments: # 1 Text of Proposed Order Extending Briefing Schedule)(Yeates, J.) (Entered: 03/25/2019) |
| 03/26/2019 | 8 | ORDER granting 7 Motion for Extension of Time to File Response/Reply as to 1 Motion to Vacate/Set Aside/Correct Sentence (2255). The United States memorandum due by 4/10/2019. Signed by Judge Clark Waddoups on 3/26/19. (jlw) (Entered: 03/26/2019) |
| 04/03/2019 | 9 | MEMORANDUM re 1 Motion to Vacate/Set Aside/Correct Sentence (2255), filed by USA. (Yeates, J.) (Entered: 04/03/2019) |
| 04/23/2019 | 10 | MOTION to Appoint Expert DNA Testing and Memorandum in Support filed by Petitioner Richard Jenks. (Attachments: # 1 Text of Proposed Order)(Parnes, Andrew) (Entered: 04/23/2019) |
| 04/23/2019 | 11 | MOTION to Stay re 9 Memorandum (NOT to motion) and Memorandum in Support filed by Petitioner Richard Jenks. (Attachments: # 1 Text of Proposed Order)(Parnes, Andrew) (Entered: 04/23/2019) |
| 04/30/2019 | 12 | ORDER TO STAY TIME FOR FILING OF PETITIONER'S REPLY TO GOVERNMENT RESPONSE - granting 11 Motion to Stay until the court rules on Petitioners Motion for |

2

| | | |
|---|---|---|
| | | Payment of Expert Testing. See Order for details. Signed by Judge Clark Waddoups on 4/30/19. (jmr) (Entered: 04/30/2019) |
| 07/02/2019 | 13 | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PAYMENT OF EXPERT TESTING - denying 10 Motion to Appoint Expert; Motions terminated: 10 MOTION to Appoint Expert DNA Testing and Memorandum in Support filed by Richard Jenks. See Order for details. Signed by Judge Clark Waddoups on 7/2/19. (jmr) (Entered: 07/02/2019) |
| 07/11/2019 | 14 | MOTION for Extension of Time Petitioner's Reply Memorandum and Memorandum in Support filed by Petitioner Richard Jenks. (Parnes, Andrew) (Entered: 07/11/2019) |
| 07/11/2019 | 15 | DOCKET TEXT ORDER granting 14 Motion for Extension of Time. Good cause appearing and the motion being unopposed, IT IS HEREBY ORDERED that Petitioner shall file his Petitioners Reply to Governments Response to § 2255 Motion by August 5, 2019. Signed by Judge Clark Waddoups on 7/11/2019. No attached document. (ncw) (Entered: 07/11/2019) |
| 07/30/2019 | 16 | MOTION for Extension of Time to File Response/Reply and Memorandum in Support filed by Petitioner Richard Jenks. (Parnes, Andrew) (Entered: 07/30/2019) |
| 07/31/2019 | 17 | DOCKET TEXT ORDER granting 16 Motion for Extension of Time to File Response/Reply re 16 MOTION for Extension of Time to File Response/Reply and Memorandum in Support. Replies due on or before 8/19/2019. Signed by Judge Clark Waddoups on 7/31/2019. No attached document. (ncw) (Entered: 07/31/2019) |
| 08/19/2019 | 18 | RESPONSE re 9 Memorandum (NOT to motion), filed by Richard Jenks. (Attachments: # 1 Exhibit Copy of Trial Exhibit 86)(Parnes, Andrew) (Entered: 08/19/2019) |
| 01/22/2020 | 19 | MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE AND SET ASIDE CONVICTIONS AND SENTENCE - Mr. Jenks' Motion to Vacate and Set Aside Convictions and Sentence Under 28 U.S.C. 2255 is DENIED. See Order for details. Signed by Judge Clark Waddoups on 1/22/20. (jmr) (Entered: 01/22/2020) |
| 01/22/2020 | 20 | JUDGMENT - IT IS ORDERED AND ADJUDGED that Petitioners action is dismissed with prejudice because he is not entitled to relief under 28 U.S.C. 2255. Case Closed. Signed by Judge Clark Waddoups on 1/22/20. (jmr) (Entered: 01/22/2020) |
| 02/05/2020 | 21 | MOTION for Certificate of Appealability and Memorandum in Support filed by Petitioner Richard Jenks. (Attachments: # 1 Text of Proposed Order)(Parnes, Andrew) (Entered: 02/05/2020) |
| 02/18/2020 | 22 | NOTICE OF APPEAL as to 19 Memorandum Decision, 20 Judgment filed by Richard Jenks. Appeals to the USCA for the 10th Circuit. Filing fee $ 505, receipt number AUTDC-3494831. (Parnes, Andrew) (Entered: 02/18/2020) |
| 02/20/2020 | 23 | Transmission of Preliminary Record to USCA for Tenth Circuit re 22 Notice of Appeal. (Attachments: # 1 Appendix)(jwt) (Entered: 02/20/2020) |
| 02/24/2020 | 24 | USCA Case Number Case Appealed to Tenth Case Number 20-4023 for 22 Notice of Appeal filed by Richard Jenks. (jmr) (Entered: 02/24/2020) |
| 02/26/2020 | 25 | Please be advised the Record is complete for purposes of appeal for USCA case number 20-4023 re 22 Notice of Appeal. (jrj) (Entered: 02/26/2020) |
| 02/27/2020 | 26 | |

| | | Memorandum Decision and Order Denying Motion for Certificate of Appealability; Denying 21 Motion for Certificate of Appealability. Signed by Judge Clark Waddoups on 02/26/2020. (kpf) (Entered: 02/27/2020) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/24/2020 10:23:58 | | |
| PACER Login: | stephdefa | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:19-cv-00094-CW |
| Billable Pages: | 3 | Cost: | 0.30 |

1

4

JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
TRINA A. HIGGINS, Assistant United States Attorney (#7349)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 524-6924

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| RICHARD JENKS, | : | Civil Case No. 2:19-cv-00094 |
| | | Criminal Case No. 2:15-cr-00072 |
| Petitioner, | : | |
| | | UNITED STATES' RESPONSE IN |
| vs. | : | OPPOSITION TO PETITIONER'S |
| | | § 2255 MOTION. |
| UNITED STATES OF AMERICA, | : | |
| | | |
| Respondent. | : | Judge Clark Waddoups |

---

The United States, by and through the undersigned Assistant United States Attorney, responds in opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed pursuant to 28 U.S.C. § 2255.

The Court should deny Petitioner's motion because each of Petitioner's grounds fail to establish unconstitutionally deficient performance and prejudice. Should the Court determine that there is not sufficient evidence to summarily deny Petitioner's motion based upon lack of merit, the Court should schedule an evidentiary hearing and order Petitioner's former counsel to provide testimony or sworn declarations in response to Petitioner's allegations.

## BACKGROUND

On February 11, 2015, a grand jury indicted Petitioner with two counts of Aggravated Sexual Abuse of a Child Within Indian Country (Counts 1 and 2) and two counts of Sexual Abuse of a Minor While Within Indian Country (Counts 3 and 4).[1] Petitioner was tried by a jury of his peers.[2] The United States moved to dismiss Count 2 of the Indictment at the close of its case-in-chief.[3] The jury convicted Petitioner of the three remaining counts.[4]

On June 24, 2016, the Court sentenced Petitioner to serve 360 months in prison followed by lifetime supervised release with special conditions.[5] Petitioner appealed the convictions and sentence and the Court of Appeals affirmed the convictions but vacated the sentence and remanded for resentencing.[6] On January 4, 2018, the Court resentenced Petitioner to 360 months in prison followed by lifetime supervised release.[7]

Petitioner timely filed the instant Motion on February 11, 2019.[8] Petitioner alleges four grounds in his Motion, namely: (1) that his counsel was ineffective for failing to investigate the physical evidence; (2) that his counsel was ineffective during plea negotiations; (3) that his counsel was ineffective by introducing evidence at trial of Petitioner's custody status; and (4) that his counsel was ineffective by having Petitioner sign

---

[1] Docket in case number 2:15-cr-00072 ("Crim. Doc.") 1.
[2] Crim. Doc. 108, 109, 110, 116, and 117.
[3] Crim. Doc. 116.
[4] Crim. Doc. 117.
[5] Crim. Doc. 130.
[6] Crim. Doc. 168.
[7] Crim. Doc. 178.
[8] Docket in case number 2:19-cv-00094 ("Civ. Doc.") 1.

the stipulation of facts.[9] The United States disputes the allegations and contests Petitioner's motion.

## **RELEVANT LAW**

"[A] petitioner raising an ineffective assistance of counsel claim carries a 'heavy burden.'"[10] To establish ineffective assistance of counsel, a petitioner must show 1) that his counsel's performance was deficient, and 2) that his counsel's deficient performance prejudiced him.[11] In order for the petitioner to prevail on his § 2255 motion, he must establish both prongs of the *Strickland* test.[12]

*First Strickland Prong*

To prove that counsel's performance was deficient, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[13] In other words, a petitioner must show that counsel's performance fell below an objective standard of reasonableness.[14] "The Sixth Amendment does not guarantee an errorless trial, and 'prevailing professional norms' do not require perfection at trial."[15]

"Judicial scrutiny of counsel's performance must be highly deferential."[16] "When reviewing an ineffective assistance of counsel claim, we must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

---

[9] Id.
[10] *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002).
[11] *Strickland v. Washington,* 466 U.S. 668, 687 (1984).
[12] *United States v. Carr*, 80 F.3d 413 (10th Cir. 1996).
[13] *Strickland*, 466 U.S. at 687.
[14] *Id.* at 688.
[15] *United States v. Haddock*, 12 F.3d 950 (10th Cir. 1993).
[16] *Strickland*, 466 U.S. at 689.

7

conduct, and to evaluate the conduct from counsel's perspective at the time.'"[17] "A court considering a claim of ineffective assistance must apply a `*strong presumption*' that counsel's representation was within a `wide range' of reasonable professional assistance."[18] Recognizing the "temptation for a defendant to second-guess counsel's assistance after conviction or adverse sentence,"... counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[19]

To overcome that presumption, a petitioner must show that counsel failed to act "reasonably considering all the circumstances."[20] "In formulating a defense strategy, counsel is entitled to 'balance limited resources in accord with effective trial tactics and strategies,' or, in other words, to critically undertake a cost/benefit analysis of any proposed course of action."[21] "[T]he overriding question under the first prong of *Strickland* is whether, under all the circumstances, counsel performed in an objectively unreasonable manner."[22]

> Two presumptions inform our objective reasonableness inquiry. First, we always start the analysis that an attorney acted in an objectively reasonable manner and that an attorney's challenged conduct *might* have been part of a sound trial strategy. Second, where it is shown that a particular decision was, *in fact,* an adequately informed strategic choice, the presumption that the attorney's decision was objectively reasonable becomes "virtually unchallengeable."[23]

*Second Strickland Prong*

---

[17] *Bullock*, 297 F.3d at 1052.
[18] *Harrington v. Richter*, 562 U.S. 86, 103 (2011)(emphasis added) (quoting *Strickland*, 466 U.S. at 689).
[19] *Cullen v. Pinholster*, 563 U.S.170, 189 (2011) (quoting *Strickland*, 466 U.S. at 688, 690).
[20] *Id*.
[21] *United States v. Rushin*, 642 F.3d 1299, 1308 (10th Cir. 2011).
[22] *Bullock*, 297 F.3d at 1046.
[23] *Id*.

To establish prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[24] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[25] "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."[26]

"The likelihood of a different result must be substantial, not just conceivable."[27] The Court must determine whether it is "reasonably likely" that there would have been a different result, not whether it is possible.[28] "[T]he question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently."[29]

## **ARGUMENT**

### A. Jenks's Unsubstantiated Allegations Are Insufficient to Show That His Counsel's Performance Was Unconstitutionally Deficient or That He Was Prejudiced.

### Ground I:    Alleged Failures Concerning Additional DNA Testing

Generally, trial counsel has the duty to make reasonable investigations or make reasonable decisions whether a particular investigation is necessary.[30] *Strickland* instructs

---

[24] *Strickland*, 466 U.S. at 694.
[25] *Id*. at 697.
[26] *Id.*
[27] *Harrington*, 562 U.S. at 111-12.
[28] *Id.*
[29] *Id*.
[30] *Strickland*, 466 U.S. at 688.

courts to deferentially scrutinize counsel's performance and not "second guess" counsel's strategy after an adverse decision.[31]

Here, Jenks's counsel conducted a reasonable investigation concerning the DNA. Defense counsel hired well-known DNA expert Mehul Anjaria, provided Mr. Anjaria the DNA lab reports, gave pretrial notice of their intent to rely on expert DNA testimony, and called Mr. Anjaria to provide expert testimony during the defense's case-in-chief.[32]

Jenks now second-guesses his counsel's sound strategic decision not to forensically examine the 14 untested condoms. Jenks's DNA was conclusively found on one condom and could not be excluded from two additional condoms. Testing any of the untested condoms could have resulted in additional DNA matches, which could have given rise to a superseding indictment with added counts. Or it could have resulted in no additional matches, which would not have negated the conclusive match to Jenks. Given the scientific certainty of the one DNA match, no reasonable jury would have been persuaded by negative results on the untested condoms.

Jenks also argues that the condoms might have yielded DNA from other male suspects. Even so, such evidence would not have been admissible at trial. Rule 412(a) specifically prohibits evidence offered to prove that a victim engaged in other sexual behavior. The exception in Rule 412(b)(1)(A) would not have applied because DNA on other condoms could not disprove Jenks's DNA match. Besides, other male DNA on the untested condoms would not disprove Jenks's DNA match.

---

[31] *Strickland*, 466 U.S. at 689; *see also, Hooker v. Mullin*, 293 F.3d 1232, 1246 (10th Cir. 2002).
[32] Crim. Doc. 44, 46, 47, 48, 49, 56, 57, and 116.

In *Lafevers v. Gibson*, the Court of Appeals considered whether a lawyer's failure to request DNA testing was constitutionally deficient.[33] The court found that Petitioner's claim failed because "even favorable DNA test results would not make a difference in this case."[34] As in *Lafevers*, favorable DNA results on the untested condoms would not have made a difference in this case.

Similarly, in *United States v. Roberts*, the Court of Appeals found no ineffective assistance of counsel where the lawyer elected not to test DNA evidence on a firearm, even though it might "have bolstered" the defendant's theory of the case.[35] The condom with the DNA match corroborated the testimony of the victim. Nothing concerning the untested condoms could change that fact. Moreover, defense counsel's decision not to test the remaining condoms was reasonable under prevailing norms and fell within the wide range of reasonable professional assistance.

The Court should find that defense counsel's performance was objectively reasonable under the circumstances. Additionally, the Court should find that Jenks has failed to show a reasonable likelihood that additional DNA testing would have changed the outcome of his case.

**<u>Ground II</u>:   Purported Errors in Plea Bargaining**

Jenks asserts that he rejected numerous plea offers without knowing the consequences.[36] The premise of Jenks's argument is flawed. The United States never extended a plea offer to Jenks. Rather, the parties discussed the mere prospect of a possible

---

[33] *LaFevers v. Gibson*, 182 F.3d 705, 722 (10th Cir. 1999).
[34] *Id.*
[35] *United States v. Roberts*, 417 Fed.Appx. 812, 823 (10th Cir. 2011)(unpublished).
[36] Civ. Doc. 1 at page 10.

plea offer. Jenks's Exhibit 7 plainly demonstrates the uncertain and tentative nature of the

plea discussions.[37] In the email, counsel for the United States mentioned the "*possibility* of a

10 year deal" and averred that he "could *probably obtain approval* to offer something closer

to 8 years."[38] These statements were not plea offers.

Jenks claims he "would have accepted" an eight-year deal, had he understood the

potential 30-year sentence.[39] However, he conceded in his Motion that he was warned of the

penalties at his initial appearance including the mandatory-minimum sentences.[40] The Court

should find that counsel's performance was not unconstitutionally deficient.

Even if the Court finds that Petitioner's alleged facts establish the possibility that

counsel's failure to negotiate with the prosecutor amounted to deficient performance under

*Strickland*, Jenks fails to satisfy the prejudice requirement. In a case, such as this, where

Petitioner alleges ineffective assistance of counsel based on the claim that counsel's failures

led him to reject a potential plea offer, Petitioner must show a reasonable likelihood of the

outcome at each stage of the proceeding.[41] "In these circumstances a [petitioner] must show

that but for the ineffective advice of counsel there is a reasonable probability that the plea

offer would have been presented to the court (i.e., that the defendant would have accepted the

plea and the prosecution would not have withdrawn it in light of intervening circumstances),

that the court would have accepted its terms, and that the conviction or sentence, or both,

under the offers terms would have been less severe than under that judge and sentence that in

---

[37] See Civ. Doc. 1-7.
[38] Emphasis added.
[39] Civ. Doc. 1 at pages 12-16.
[40] Crim. Doc. 3; Civ. Doc. 1 at page 11.
[41] *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)

fact were imposed."[42] All that Jenks urges is speculation, not a reasonable probability that the outcome would have been different.[43] Accordingly, he cannot establish prejudice.

**Ground III:   Regret About an Unresponsive Answer by a Defense Witness**

Jenks complains that Ms. John testified that Jenks was jailed.[44] The transcripts shows that Ms. John's answer was unresponsive to defense counsel's question. Besides, unexpected answers by witnesses at trial is far from uncommon. "The Sixth Amendment does not guarantee an errorless trial, and 'prevailing professional norms' do not require perfection at trial."[45] The Court should find that Jenks has failed to establish that his counsel's performance was deficient.

Furthermore, there is no reasonable probability that the outcome of Jenks's trial would have been different had Ms. John not mentioned Jenks' incarceration. Therefore, the Court should find Jenks suffered no prejudice.

**Ground IV:   Regret Signing Customary Chain of Custody Stipulation**

Jenks has failed to show how the stipulations fell below professional norms.[46] Courts are not to "second guess" counsel's strategy.[47] The Court of Appeals for the Tenth Circuit has found that stipulating to an element of the crime does not constitute ineffective assistance of counsel.[48] Here, Jenks stipulated to a series of mundane facts such as his status as an "Indian," his date of birth, the victim's date of birth, "Indian Country," chain of custody, and

---

[42] *Id.*
[43] *See United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995).
[44] Civ. Doc. 1 at page 13.
[45] *Haddock*, 12 F.3d 950.
[46] *See Hooker*, 293 F.3d at 1246 (finding counsel's stipulation to two aggravating factors in a capital murder trial was reasonable strategy).
[47] *Strickland*, 466 U.S. at 689; *see also, Hooker*, 293 F.3d at 1246.
[48] *United States v. Bedford*, 354 Fed.Appx. 319, 321 (10th Cir. 2009)(unpublished).

standard lab testing. None of these facts could have been reasonably challenged.

Jenks has failed to establish that his counsel's performance was deficient. Jenks has also failed to establish how his counsel's advice to sign the stipulations "reasonably likely" affected the result of the trial.

**B. THERE IS NO NEED FOR AN EVIDENTIARY HEARING.**

Petitioner's claims are without merit and should be summarily denied without the need for any hearing on the matter. A court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"[49] A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[50] Jenks's Motion has failed to overcome the "strong presumption" that counsel's representation was reasonable.[51] In this case, all of the defendant's claims are all either contradicted by the record, inherently incredible, or conclusory and therefore do not require an evidentiary hearing. In any event, trial counsel's performance never fell below an objective standard of reasonableness and Petitioner cannot show a reasonable probability of a different result.

## CONCLUSION

Jenks has failed to overcome the presumption that his counsel acted in an objectively reasonable manner and that counsel's conduct was part of a sound trial strategy. Jenks has failed to meet his burden to show that his counsel made errors so serious that counsel was not

---

[49] *See United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting 28 U.S.C. § 2255).
[50] *See Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975).
[51] *Harrington*, 562 U.S. at 103.

14

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Further,

Jenks has failed to show "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."[52] Accordingly, Petitioner's

motion should be denied.

DATED this 3rd day of April, 2019.

JOHN HUBER
United States Attorney


*/s/ J. Drew Yeates*
J. DREW YEATES
Assistant United States Attorney

---

[52] *Strickland*, 466 U.S. at 694.

Query   Reports   Utilities   Help   Log Out

CLOSED,DT_WELLS,FPD,RETAINED,XA_EXAM

## US District Court Electronic Case Filing System
## District of Utah (Central)
## CRIMINAL DOCKET FOR CASE #: 2:15-cr-00072-CW-1

Case title: USA v. Jenks                Date Filed: 02/11/2015
Other court case number: 2:19cv00094 CW USDC Dist UT     Date Terminated: 06/24/2016

Assigned to: Judge Clark Waddoups

Appeals court case number: 16-4119 Tenth

### Defendant (1)

| | |
|---|---|
| **Richard Jenks, Jr**<br>*TERMINATED: 06/24/2016* | represented by **Daphne A. Oberg**<br>US DISTRICT COURT - UTAH<br>351 SOUTH WEST TEMPLE<br>SALT LAKE CITY, UT 84101<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community*<br>*Defender Appointment* |

**Rudy J. Bautista**
BAUTISTA & CAMPBELL PC
136 E SOUTH TEMPLE STE 1530
SALT LAKE CITY, UT 84111
(801)232-5311
Email: rudy@boslaw.com
*TERMINATED: 09/19/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Scott Keith Wilson**
UTAH FEDERAL DEFENDER OFFICE
46 W BROADWAY STE 110
SALT LAKE CITY, UT 84101
(801)524-4010
Email: scott_wilson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**16**

**Abigail M. Dizon-Maughan**
BURBIDGE | MITCHELL
215 S STATE STE 920
SALT LAKE CITY, UT 84111
(801)355-6677
Email: adm@burbidgemitchell.com
*TERMINATED: 09/19/2016*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

<u>**Pending Counts**</u>

<u>**Disposition**</u>

18:2241(c) and 1153(a)-SEX WITH
PERSON LESS THAN 12 YEARS
OLD/Aggravated Sexual Abuse of a Child
Within Indian Country
(1)

Defendant was found guilty after trial. BOP
360 months. Supervised release for life with
standard and special conditions. No fine. SPA
$100.00 per count ($300.00). Restitution left
open for 90 days from sentencing.
AMENDED JUDGMENT (9/14/2016) BOP
360 months. Supervised release for life with
standard and special conditions. No fine. SPA
$100.00 per count ($300.00). No Restitution
Ordered.
AMENDED JUDGMENT(1/4/18):Dft was
found guilty on counts 1,3,4 and 4 of the
indictment. BOP 360 months. Supervised
Release for life. SPA: $300.

18:2241(c) and 1153(a)-SEX WITH
PERSON LESS THAN 12 YEARS
OLD/Aggravated Sexual Abuse of a Child
Within Indian Country
(2)

Dismissed

18:2243(a) and 1153(a)-SEX ABUSE OF
MINOR/WARD 4 YEARS OR MORE
YOUNG/Sexual Abuse of a Minor While
Within Indian Country
(3-4)

Defendant was found guilty after trial. BOP
360 months. Supervised release for life with
standard and special conditions. No fine. SPA
$100.00 per count ($300.00). Restitution left
open for 90 days from sentencing
AMENDED JUDGMENT (9/14/2016) BOP
360 months. Supervised release for life with
standard and special conditions. No fine. SPA
$100.00 per count ($300.00). No Restitution
Ordered.
AMENDED JUDGMENT(1/4/18):Dft was
found guilty on counts 1,3,4 and 4 of the
indictment. BOP 360 months. Supervised
Release for life. SPA: $300.

<u>**Highest Offense Level (Opening)**</u>

17

Felony

**Terminated Counts**                                                **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                                       **Disposition**
None

---

**Notice Party**
**Renee Lewis**
*TERMINATED: 01/14/2019*

---

**Plaintiff**

**USA**                          represented by   **J. Drew Yeates**
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176
(801)325-3252
Email: drew.yeates@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Trina A. Higgins**
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111-2176
(801) 524-5682
Email: trina.higgins@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2015 | 1 | INDICTMENT as to Richard Jenks, Jr (1) count(s) 1-2, 3-4. Assigned to Judge Clark Waddoups. (jmr) (Entered: 02/11/2015) |
| 02/17/2015 | 12 | Arrest Warrant Returned Executed on 2/17/15, filed on 2/23/15 in case as to Richard Jenks, Jr. (ss) (Entered: 02/23/2015) |
| 02/19/2015 | 3 | |

18

| | | Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells. Initial Appearance/Arraignment/Pretrial Conference/Detention as to Richard Jenks, Jr held on 2/19/2015. Gov moved to unseal case. Court GRANTED motion. Defendant present and in custody. Rudy Bautista appearing as retained cnsl. Charging document, rights and penalties explained. Added attorney Rudy J. Bautista for Richard Jenks, Jr. Cnsl waived formal reading of charges and entered plea of NOT GUILTY. Pretrial Conference as to Richard Jenks, Jr held on 2/19/2015 setting the following dates: Discovery due by 2/26/2015, Motions due by 3/26/2015, Plea Agreement due by 4/6/2015, Proposed Jury Instructions along with proposed voir dire questions 4/24/2015, 5 Day Jury Trial set for 4/27/2015 at 08:30 AM in Rm 1.100 (Clerk's Office) before Judge Clark Waddoups. Detention Hearing as to Richard Jenks, Jr held on 2/19/2015. Gov seeking dtn. Court heard from cnsl. Court took a brief recess to further discuss detention.<br><br>Note: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. Attorney for Plaintiff: Drew Yeates, Attorney for Defendant: Rudy Batista, retained. USPO Alonzo Nez. Court Reporter: electronic.(Time Start: 9:45, Time End: 10:00, Room 8.4.) (mlp) (Entered: 02/19/2015) |
| 02/19/2015 | 4 | ORAL MOTION to Unseal Case by USA as to Richard Jenks, Jr. (mlp) (Entered: 02/19/2015) |
| 02/19/2015 | 5 | DOCKET TEXT ORDER granting 4 Motion to Unseal Case as to Richard Jenks Jr (1). Signed by Magistrate Judge Brooke C. Wells on 2/19/2015. No attached document. (mlp) (Entered: 02/19/2015) |
| 02/19/2015 | 6 | INDICTMENT UNSEALED as to Richard Jenks, Jr (mlp) (Entered: 02/19/2015) |
| 02/19/2015 | 7 | NOTICE OF Unsealing Criminal Case as to Richard Jenks, Jr (mlp) (Entered: 02/19/2015) |
| 02/19/2015 | 8 | Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells. Court reconvened. Detention Hearing as to Richard Jenks, Jr held on 2/19/2015. Defendant present with counsel and in custody. Court heard from cnsl. Court ordered dft detained finding that he constitutes a risk of danger to the community. Court ordered dft be placed on waiting list for halfway house. When a spot becomes available the Court will readdress the issue. Dft is currently taking medication and USMS ordered to follow through with dft's medication. Dft remanded to USMS.<br><br>Note: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. Attorney for Plaintiff: Drew Yeates, Attorney for Defendant: Rudy Batista, retained. Probation Officer: Alonzo Nez. Court Reporter: electronic.(Time Start: 10:45, Time End: 11:0, Room 8.4.) (mlp) (Entered: 02/19/2015) |
| 02/19/2015 | 9 | DOCKET TEXT ORDER OF DETENTION PENDING TRIAL as to Richard Jenks, Jr.<br><br>NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. No attached document. Signed by Magistrate Judge Brooke C. Wells on 2/19/2015.(mlp) (Entered: 02/19/2015) |
| 02/20/2015 | 10 | NOTICE of Victim Witness Coordinator Notification by USA as to Richard Jenks, Jr (Yeates, J.) (Entered: 02/20/2015) |

| 02/23/2015 | 11 | Stipulated MOTION for Protective Order by USA as to Richard Jenks, Jr. (Attachments: # 1 Text of Proposed Order Protective Order)(Yeates, J.) (Entered: 02/23/2015) |
| 02/25/2015 | 14 | ORDER granting 11 Motion for Protective Order as to Richard Jenks Jr (1). Signed by Magistrate Judge Brooke C. Wells on 2/25/2015. (blh) (Entered: 02/25/2015) |
| 02/26/2015 | 15 | First CERTIFICATE OF COMPLIANCE filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 02/26/2015) |
| 02/26/2015 | 16 | DOCKET TEXT ORDER REFERRING CASE to Magistrate Judge Evelyn J. Furse as to Richard Jenks, Jr under 28:636 (b)(1)(A), Magistrate to hear and determine all nondispositive pretrial matters. No attached document. Signed by Judge Clark Waddoups on 2/26/2015.(aw) (Entered: 02/26/2015) |
| 02/27/2015 | 17 | NOTICE OF ATTORNEY APPEARANCE: Abigail M. Dizon-Maughan appearing for Richard Jenks, Jr (Dizon-Maughan, Abigail) (Entered: 02/27/2015) |
| 03/20/2015 | 19 | **NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by BCW chambers) Review of Detention Hearing set for 3/23/2015 at 09:45 AM in Rm 7.400 before Magistrate Judge Brooke C. Wells. Hearing set at the request of USPO Gerber. (mlp) (Entered: 03/20/2015) |
| 03/20/2015 | 20 | **AMENDED NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by BCW chambers) Detention Hearing RESET for 3/23/2015 at 01:45 PM in Rm 7.400 before Magistrate Judge Brooke C. Wells. **Please note time change** (mlp) (Entered: 03/20/2015) |
| 03/23/2015 | 21 | Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells. Detention Hearing as to Richard Jenks, Jr held on 3/23/2015. Defendant present with counsel and in custody. USPO notified the Court that a bed had become available at the halfway house. Court heard from cnsl. Gov seeking dtn. Court ordered dft detained pending trial and dft will NOT be released to half way house. Dft remanded to USMS.<br><br>Note: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. Attorney for Plaintiff: Drew Yeates, Attorney for Defendant: Rudy Batista, Abigail Dizon-Maughan, retained. Probation Officer: Jody Gerber. Court Reporter: Electronic.(Time Start: 1:45, Time End: 2:15, Room 7.4.) (mlp) Modified on 3/23/2015 (mlp). (Entered: 03/23/2015) |
| 03/23/2015 | 22 | DOCKET TEXT ORDER OF DETENTION PENDING TRIAL as to Richard Jenks, Jr.<br><br>NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. No attached document. Signed by Magistrate Judge Brooke C. Wells on 3/23/2015.(mlp) (Entered: 03/23/2015) |
| 03/26/2015 | 23 | MOTION to Continue filed by Richard Jenks, Jr. Motions referred to Evelyn J. Furse.(Dizon-Maughan, Abigail) (Entered: 03/26/2015) |
| 04/02/2015 | 24 | Motions No Longer Referred as to Richard Jenks, Jr: 23 MOTION to Continue. Motion will be handled by district judge. (aw) (Entered: 04/02/2015) |
| 04/22/2015 | 25 | Second CERTIFICATE OF COMPLIANCE filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 04/22/2015) |

20

| | | |
|---|---|---|
| 04/24/2015 | | Terminate Deadlines and Hearings as to Richard Jenks, Jr: Jury Trial being continued. (aw) (Entered: 04/24/2015) |
| 04/28/2015 | 26 | ORDER TO CONTINUE - Ends of Justice as to Richard Jenks, Jr Time excluded from 4/27/15 until 7/27/15. Motion terminated 23 MOTION to Continue filed by Richard Jenks, Jr, Motions terminated as to Richard Jenks, Jr: 23 MOTION to Continue filed by Richard Jenks, Jr., ( Motions due by 6/22/2015., Plea Agreement due by 7/3/2015., Jury Trial re-set for 7/27/2015 at 01:00 PM in Rm 8.100 before Judge Clark Waddoups.). Signed by Judge Clark Waddoups on 4/27/15.(jmr) (Entered: 04/28/2015) |
| 05/01/2015 | 27 | Defendant's MOTION for Review of Detention filed by Richard Jenks, Jr. (Dizon-Maughan, Abigail) (Entered: 05/01/2015) |
| 05/01/2015 | 28 | Defendant's MEMORANDUM in Support by Richard Jenks, Jr re 27 Defendant's MOTION for Review of Detention (Attachments: # 1 Exhibit Amended Stipulated Order on Conditions of Release, # 2 Exhibit March 23, 2015 Letter)(Dizon-Maughan, Abigail) (Entered: 05/01/2015) |
| 05/15/2015 | 29 | **NOTICE OF HEARING ON MOTION** in case as to Richard Jenks, Jr re 27 Defendant's MOTION for Review of Detention : (Notice generated by BCW chambers) Motion Hearing set for 5/26/2015 at 10:00 AM in Rm 8.400 before Magistrate Judge Brooke C. Wells. (mlp) (Entered: 05/15/2015) |
| 05/22/2015 | 30 | Third CERTIFICATE OF COMPLIANCE filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 05/22/2015) |
| 05/22/2015 | 31 | NOTICE FROM THE COURT re 28 MEMORANDUM in Support. Exhibit 1 to the memorandum in support was restricted to case participants by the clerk due to the appearance of information protected by the court's privacy policy. Defense counsel will be filing a redacted version of the exhibit. (jwt) (Entered: 05/22/2015) |
| 05/22/2015 | 32 | EXHIBITS by Richard Jenks, Jr re 27 Defendant's MOTION for Review of Detention , 28 MEMORANDUM in Support, (Dizon-Maughan, Abigail) (Entered: 05/22/2015) |
| 05/26/2015 | 33 | Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells. Motion Hearing as to Richard Jenks, Jr held on 5/26/2015 re 27 Defendant's MOTION for Review of Detention filed by Richard Jenks, Jr. Dft present in custody with cnsl. Court heard from cnsl. Gov continues to seek dtn. Court DENIED motion finding dft constitutes a risk of danger to the community. Dft remanded to USMS pending trial. Attorney for Plaintiff: Drew Yeates, Attorney for Defendant: Abigail Dizon-Maughan, retained. Court Reporter: electronic.(Time Start: 10:00, Time End: 10:30, Room 8.4.) (mlp) (Entered: 05/26/2015) |
| 05/26/2015 | 34 | DOCKET TEXT ORDER OF DETENTION PENDING TRIAL as to Richard Jenks, Jr. <br><br> NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case. No attached document. Signed by Magistrate Judge Brooke C. Wells on 5/26/2015.(mlp) (Entered: 05/26/2015) |
| 05/29/2015 | 35 | MOTION for Review of Detention filed by Richard Jenks, Jr. (Dizon-Maughan, Abigail) (Entered: 05/29/2015) |
| 06/18/2015 | 36 | |

21

| | | |
|---|---|---|
| | | **NOTICE OF HEARING ON MOTION** in case as to Richard Jenks, Jr re 35 MOTION for Review of Detention : (Notice generated by aw) Motion Hearing set for 6/30/2015 at 02:30 PM in Rm 8.100 before Judge Clark Waddoups. (aw) (Entered: 06/18/2015) |
| 06/30/2015 | 37 | Minute Entry for proceedings held before Judge Clark Waddoups: Motion Hearing as to Richard Jenks, Jr held on 6/30/2015 re 35 MOTION for Review of Detention filed by Richard Jenks, Jr. Defendant appears in custody and with counsel. Oral argument heard on the motion. Defendant submits a letter from tribal probation to address his compliance with orders and conditions. Plaintiff refers to a bail report as a basis for the government's position that defendant should remain in custody as he poses a threat to both non-appearance and danger to the public. Plaintiff's counsel is to provide the court with a copy of the bond report. Once the court receives a copy of the bond report, it may make a ruling on the documents produced or set an additional hearing if deemed helpful. Attorney for Plaintiff: Drew Yeates, Attorney for Defendant: Abigail Dizon-Maughan, retained. Probation Officer: Jennifer Johnson. Court Reporter: Karen Murakami. (aw) (Entered: 07/01/2015) |
| 07/22/2015 | 38 | MOTION to Continue *Jury Trial* filed by Richard Jenks, Jr. (Attachments: # 1 Text of Proposed Order) Motions referred to Evelyn J. Furse.(Bautista, Rudy) (Entered: 07/22/2015) |
| 07/22/2015 | 39 | Motions No Longer Referred as to Richard Jenks, Jr: 38 MOTION to Continue *Jury Trial*. Motion will be handled by district judge. (aw) (Entered: 07/22/2015) |
| 07/22/2015 | 41 | MEMORANDUM in Support by Richard Jenks, Jr re 40 Defendant's MOTION to Appoint DNA Expert (Bautista, Rudy) (Entered: 07/22/2015) |
| 07/22/2015 | 42 | ORDER TO CONTINUE JURY TRIAL- Ends of Justice as to Richard Jenks, Jr Time excluded from 7/27/15 until 9/28/15. Motion terminated 38 MOTION to Continue *Jury Trial* filed by Richard Jenks, Jr, Motions terminated as to Richard Jenks, Jr: 38 MOTION to Continue *Jury Trial* filed by Richard Jenks, Jr., ( Jury Trial re-set for 9/28/2015 at 01:00 PM in Rm 8.100 before Judge Clark Waddoups.). Signed by Judge Clark Waddoups on 7/22/15. (jmr) (Entered: 07/22/2015) |
| 07/30/2015 | 43 | REQUEST for Submit for Decision re 35 MOTION for Review of Detention by Richard Jenks, Jr (Dizon-Maughan, Abigail) (Entered: 07/30/2015) |
| 08/11/2015 | 44 | REQUEST for Hearing on Defendant's Motion to Appoint DNA Expert re 40 Defendant's MOTION to Appoint DNA Expert by Richard Jenks, Jr (Dizon-Maughan, Abigail) (Entered: 08/11/2015) |
| 08/12/2015 | 46 | ORDER denying 35 Motion for Review of Detention as to Richard Jenks Jr (1); denying 27 Motion for Review of Detention as to Richard Jenks Jr (1). See Order for details. Signed by Judge Clark Waddoups on 8/12/15. (jmr) (Entered: 08/12/2015) |
| 08/19/2015 | 47 | MOTION to Appoint DNA Expert filed by Richard Jenks, Jr. Motions referred to Evelyn J. Furse.(Dizon-Maughan, Abigail) (Entered: 08/19/2015) |
| 08/19/2015 | 48 | MEMORANDUM in Support by Richard Jenks, Jr re 47 MOTION to Appoint DNA Expert (Dizon-Maughan, Abigail) (Entered: 08/19/2015) |
| 08/21/2015 | 49 | ORDER granting 47 Motion to Appoint Expert as to Richard Jenks Jr (1). Signed by Magistrate Judge Evelyn J. Furse on 8/21/15. (jmr) (Entered: 08/21/2015) |
| 08/26/2015 | 50 | PRETRIAL ORDER with instructions for counsel as to Richard Jenks, Jr. Five Day Jury Trial set for 9/25/2015 at 08:30 AM in Rm 8.100 before Judge Clark Waddoups. Final Pretrial |

22

| | | |
|---|---|---|
| | | Conference set for 9/8/2015 at 09:30 AM in Rm 8.100 before Judge Clark Waddoups. See Order for further details. Signed by Judge Clark Waddoups on 8/26/15.(jmr) (Entered: 08/26/2015) |
| 09/03/2015 | 51 | AMENDED PRETRIAL ORDER with instructions for counsel as to Richard Jenks, Jr. Five Day Jury Trial set for 9/25/2015(and end on 10/2/15) at 08:30 AM in Rm 8.100 before Judge Clark Waddoups. Final Pretrial Conference set for 9/8/2015 at 09:30 AM in Rm 8.100 before Judge Clark Waddoups.. Signed by Judge Clark Waddoups on 9/3/15.(jmr) (Entered: 09/03/2015) |
| 09/03/2015 | 52 | Defendant's MOTION to Continue *Jury Trial* filed by Richard Jenks, Jr. (Attachments: # 1 Text of Proposed Order) Motions referred to Evelyn J. Furse.(Dizon-Maughan, Abigail) (Entered: 09/03/2015) |
| 09/03/2015 | 53 | Motions No Longer Referred as to Richard Jenks, Jr: 52 Defendant's MOTION to Continue *Jury Trial*. Motion will be handled by district judge. (aw) (Entered: 09/03/2015) |
| 09/08/2015 | 61 | Minute Entry for proceedings held before Judge Clark Waddoups: Pretrial Conference as to Richard Jenks, Jr held on 9/8/2015. Defendant appears in custody and with counsel. This was the time set for the final pretrial conference. Discussion as to the 52 MOTION to Continue. Defendant's counsel represents that he has not received discovery needed for review by their expert to prepare final report and is the reason for the request for continuance of trial. The court DENIES the 52 MOTION for Continuance. Defendant is to receive the requested information and the expert report is to be submitted on or before 9/16/2015. The trial is to go forward as scheduled. A final pretrial conference is reset for 9/21/2015 at 3:30 PM. Attorney for Plaintiff: Drew Yeates, Attorney for Defendant: Rudy Bautista, retained. Court Reporter: Karen Murakami. (aw) (Entered: 09/15/2015) |
| 09/10/2015 | 54 | NOTICE of Intent to Rely on Expert Testimony by USA as to Richard Jenks, Jr (Attachments: # 1 Supplement Tiffany Smith CV) (Yeates, J.) (Entered: 09/10/2015) |
| 09/10/2015 | 55 | NOTICE OF ATTORNEY APPEARANCE Trina A. Higgins appearing for USA. (Higgins, Trina) (Entered: 09/10/2015) |
| 09/11/2015 | 56 | **PLEASE DISREGARD** ENTRY ERROR ** NOTICE of Defendant's Intent to Rely on Expert Testimony by Richard Jenks, Jr (Attachments: # 1 Supplement Mehul B. Anjaria Curriculum Vitae) (Dizon-Maughan, Abigail) Modified on 9/14/2015 by adding error message (jlw). (Entered: 09/11/2015) |
| 09/14/2015 | 57 | NOTICE of Defendant's Intent to Rely on Expert Testimony by Richard Jenks, Jr (Attachments: # 1 Supplement) (Dizon-Maughan, Abigail) (Entered: 09/14/2015) |
| 09/14/2015 | 58 | Proposed Jury Verdict by USA as to Richard Jenks, Jr (Yeates, J.) (Entered: 09/14/2015) |
| 09/14/2015 | 59 | Proposed Jury Instructions by USA as to Richard Jenks, Jr (Yeates, J.) (Entered: 09/14/2015) |
| 09/14/2015 | 60 | PROPOSED WITNESS LIST by USA as to Richard Jenks, Jr (Yeates, J.) (Entered: 09/14/2015) |
| 09/16/2015 | 62 | Third MOTION to Continue *(Renewed)* filed by Richard Jenks, Jr. (Attachments: # 1 Text of Proposed Order) Motions referred to Evelyn J. Furse.(Bautista, Rudy) (Entered: 09/16/2015) |
| 09/16/2015 | 63 | Motions No Longer Referred as to Richard Jenks, Jr: 62 Third MOTION to Continue *(Renewed)*. Motion will be heard by district judge. (aw) (Entered: 09/16/2015) |

23

| | | |
|---|---|---|
| 09/16/2015 | 64 | Proposed Voir Dire by Richard Jenks, Jr (Bautista, Rudy) (Entered: 09/16/2015) |
| 09/16/2015 | 65 | Proposed Jury Instructions by Richard Jenks, Jr (Dizon-Maughan, Abigail) (Entered: 09/16/2015) |
| 09/16/2015 | 66 | PROPOSED WITNESS LIST by Richard Jenks, Jr (Dizon-Maughan, Abigail) (Entered: 09/16/2015) |
| 09/17/2015 | 67 | **NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by aw) Final Pretrial Conference set for 9/21/2015 at 03:30 PM in Rm 8.100 before Judge Clark Waddoups. (aw) (Entered: 09/17/2015) |
| 09/18/2015 | 69 | Motions No Longer Referred as to Richard Jenks, Jr: 68 SEALED EX PARTE MOTION. Motion will be decided by district judge. (aw) (Entered: 09/18/2015) |
| 09/18/2015 | 70 | Fourth CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 09/18/2015) |
| 09/21/2015 | 71 | Fifth CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 09/21/2015) |
| 09/21/2015 | 72 | Minute Entry for proceedings held before Judge Clark Waddoups: Pretrial Conference as to Richard Jenks, Jr held on 9/21/2015. Defendant appears in custody and with counsel. Discussion as to the further motion to continue trial because of additional time needed for defendant's expert to examine DNA evidence provided by the government. As such, the court believes trial must be continued to allow for defendant's expert's examination. New trial date set for 1/8/2015 at 8:30 AM and will continue through 1/15/2015. The court makes findings that the speedy-trial time is tolled until the new trial date. Because the trial is being continued to January, defense counsel makes a renewed oral motion for defendant's release from detention due to his declining health. Discussion as to possible circumstances of release. Counsel requests that defendant be released to a half-way house and be strictly prohibited from travel outside Salt Lake County. The court requests a week for probation to evaluate conditions and placement of defendant in a half-way house pending his trial in January, 2016. A status conference is set for 9/30/2015 at 10:30 AM to hear results of probation's findings and if conditions regarding placement are met. With regard to 68 Sealed motion, a hearing is set for 12/21/2015 at 8:30 AM. All final pretrial motions will be heard at this time as well. Attorney for Plaintiff: Trina Higgins, Drew Yeates, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Court Reporter: Laura Robinson. (aw) (Entered: 09/28/2015) |
| 09/28/2015 | 73 | **NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by aw) Status Conference regarding detention of defendant set for 9/30/2015 at 10:30 AM in Rm 8.100 before Judge Clark Waddoups. (aw) (Entered: 09/28/2015) |
| 09/28/2015 | 74 | **NOTICE OF HEARING ON MOTION** in case as to Richard Jenks, Jr re 68 SEALED EX PARTE MOTION : (Notice generated by aw) Motion Hearing set for 12/21/2015 at 08:30 AM in Rm 8.100 before Judge Clark Waddoups. (aw) (Entered: 09/28/2015) |
| 09/30/2015 | 75 | Minute Entry for proceedings held before Judge Clark Waddoups: Status Conference as to Richard Jenks, Jr held on 9/30/2015. Defendant appears in custody and with counsel. Discussion as to probation's findings regarding possibility of defendant being released to a half-way house. It is represented by probation that because of lack of funding there is no bed available. Defendant's counsel represents defendant has a place to stay and suggests he could |

| | | |
|---|---|---|
| | | be released and monitored electronically. Because there is no room at a half-way house, the court requests that defendant's counsel provide a written proposal for conditions of defendant's release pending trial in January. Attorney for Plaintiff: Drew Yeates, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Probation Officer: Alonzo Nez. Court Reporter: Laura Robinson. (aw) (Entered: 10/09/2015) |
| 10/30/2015 | 76 | ORDER TO CONTINUE JURY TRIAL- Ends of Justice as to Richard Jenks, Jr Time excluded from 9/21/15 until 1/8/16. Motion terminated 52 Defendant's MOTION to Continue *Jury Trial* filed by Richard Jenks, Jr, Motions terminated as to Richard Jenks, Jr: 52 Defendant's MOTION to Continue *Jury Trial* filed by Richard Jenks, Jr., ( Jury Trial re-set for 1/8/2016 at 08:30 AM in Rm 8.100 before Judge Clark Waddoups.). Signed by Judge Clark Waddoups on 10/30/15.(jmr) (Entered: 10/30/2015) |
| 10/30/2015 | 77 | MOTION for Proposed Conditions of Release Pending Trial filed by Richard Jenks, Jr. (Attachments: # 1 Exhibit A, # 2 Exhibit B) Motions referred to Evelyn J. Furse.(aw) (Entered: 10/30/2015) |
| 10/30/2015 | 78 | Motions No Longer Referred as to Richard Jenks, Jr: 77 MOTION for Proposed Conditions of Release Pending Trial. Motion will be decided by district judge. (aw) (Entered: 10/30/2015) |
| 10/30/2015 | 79 | MODIFICATION OF DOCKET as to Richard Jenks, Jr Error: Motion to Modify Conditions of Release - defendant is not on release. Correction: Motion for Proposed Conditions of Release Pending Trial. re 77 MOTION for Proposed Conditions of Release Pending Trial - proposed conditions under which defendant may be released pending trial. (aw) (Entered: 10/30/2015) |
| 12/01/2015 | 80 | SECOND AMENDED PRETRIAL ORDER as to Richard Jenks, Jr. Interpreter needed: No. Five Day Jury Trial set for 1/8/2016 at 08:30 AM in Rm 8.100 before Judge Clark Waddoups. Pretrial Conference set for 12/21/2015 at 08:30 AM in Rm 8.100 before Judge Clark Waddoups. Signed by Judge Clark Waddoups on 11/30/15.(jmr) (Entered: 12/01/2015) |
| 12/11/2015 | 82 | NOTICE FROM THE COURT. Please take notice that a document has been filed under seal regarding the hearing scheduled for 12/21/2015. A pdf version of the sealed document has been emailed to counsel of record. (agm) (Entered: 12/11/2015) |
| 12/11/2015 | 85 | ** **RESTRICTED DOCUMENT** ** RETURN OF SERVICE Executed for Subpeona in a Criminal Case served on Danielle Jenks, Jason Webb, Travis Lemon, Steve Daniels, Ceva Cottrell, Elizabeth Jenks, Jasmine Jenks, Jessie Jenks, Jessica Walker and Tiffany Smith on Various dates as to Richard Jenks, Jr.(jmr) (Entered: 12/15/2015) |
| 12/13/2015 | 83 | PROPOSED WITNESS LIST by USA as to Richard Jenks, Jr (Yeates, J.) (Entered: 12/13/2015) |
| 12/14/2015 | 84 | MOTION in Limine by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 12/14/2015) |
| 12/16/2015 | 87 | Motions No Longer Referred as to Richard Jenks, Jr: 86 SEALED MOTION. Motion will be decided by district judge. (aw) (Entered: 12/16/2015) |
| 12/16/2015 | 88 | Sixth CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 12/16/2015) |
| 12/16/2015 | 89 | **NOTICE OF HEARING ON MOTION** in case as to Richard Jenks, Jr re 68 SEALED EX PARTE MOTION : (Notice generated by AGM) The court has received Mr. Jenks's sealed proffer. The in camera motion hearing currently set for 12/21/2015 at 08:30 AM will proceed |

| | | |
|---|---|---|
| | | as scheduled to allow further argument regarding the sealed motion. (agm) (Entered: 12/16/2015) |
| 12/17/2015 | 91 | Seventh CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 12/17/2015) |
| 12/18/2015 | 93 | MODIFICATION OF DOCKET as to Richard Jenks, Jr re 92 Notice of intent to use evidence pursuant to Federal Rule of Evidence 413 and 414. Entry was sealed per instruction from Judge Waddoups' chambers. (jwt) (Entered: 12/18/2015) |
| 12/18/2015 | 94 | Eighth CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 12/18/2015) |
| 12/21/2015 | 95 | MODIFICATION OF DOCKET as to Richard Jenks, Jr Error: COP hearing set. Correction: Hearing set in error. (aw) (Entered: 12/21/2015) |
| 12/21/2015 | 99 | Minute Entry for proceedings held before Judge Clark Waddoups: Motion Hearing as to Richard Jenks, Jr held on 12/21/2015 re 68 SEALED EX PARTE MOTION filed by Richard Jenks, Jr, 84 MOTION in Limine filed by USA, 77 MOTION for Proposed Conditions of Release Pending Trial filed by Richard Jenks, Jr, Pretrial Conference as to Richard Jenks, Jr held on 12/21/2015. Defendant appears in custody and with counsel. Oral argument heard on the motions. The court DENIES 68 SEALED MOTION; GRANTS 84 MOTION In Limine; PERMITS 92 government's admission of evidence under rules 413 and 414, and DENIES 77 MOTION for Proposed Conditions of Release for the reasons stated on he record. Court will prepare order. Move on to pretrial conference. Discuss jury instructions, voir dire and other pretrial issues. Government does not intend to file voir dire. Discuss issues regarding DNA and cases referencing DNA. Discuss stipulations between the parties and request to amend indictment. Request to amend is granted. Attorney for Plaintiff: Trina Higgins, Drew Yeates, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Court Reporter: Laura Robinson. (aw) (Entered: 01/02/2016) |
| 12/23/2015 | 97 | Stipulated MOTION to Amend/Correct 1 Indictment by USA as to Richard Jenks, Jr. (Attachments: # 1 Stipulated Draft of Amended Information)(Yeates, J.) (Entered: 12/23/2015) |
| 12/30/2015 | 98 | PROPOSED WITNESS LIST by USA as to Richard Jenks, Jr (Yeates, J.) (Entered: 12/30/2015) |
| 01/06/2016 | 102 | Proposed Voir Dire by USA as to Richard Jenks, Jr (Higgins, Trina) (Entered: 01/06/2016) |
| 01/07/2016 | 103 | Ninth CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 01/07/2016) |
| 01/08/2016 | 104 | ** **RESTRICTED DOCUMENT** ** RETURN OF SERVICE Executed for Subpeona in a Criminal Case served on Ron Wopsock, Dalvessa Wopsock, Alecia Wopsock on 12/30/15 filed by Richard Jenks, Jr (jmr) (Entered: 01/08/2016) |
| 01/08/2016 | | **Set/Reset Hearings** as to Richard Jenks, Jr: Jury Trial set for 1/11/2016 at 08:30 AM, 1/12/2016 at 08:30 AM, 1/13/2016 at 08:30 AM, 1/14/2016 at 08:30 AM, 1/15/2016 at 08:30 AM in Rm 8.100 before Judge Clark Waddoups. (jwt) (Entered: 01/08/2016) |
| 01/08/2016 | 108 | Minute Entry for proceedings held before Judge Clark Waddoups: Voir Dire held on 1/8/2016 as to Richard Jenks, Jr. Defendant appears in custody and with counsel. Discussion regarding final voir dire questions and preliminary jury instructions. Jury selection conducted. Panel of |

| | | |
|---|---|---|
| | | 12 jurors and 2 alternates selected and sworn. Trial will begin on 1/11/2016 at 8:30 AM. The court GRANTS 97 MOTION to Amend Indictment. Attorney for Plaintiff: Drew Yeates, Trina Higgins, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Court Reporter: Laura Robinson. (aw) (Entered: 01/25/2016) |
| 01/11/2016 | 105 | Tenth CERTIFICATE OF COMPLIANCE *and Request for Reciprocal Discovery* filed by USA as to Richard Jenks, Jr. (Yeates, J.) (Entered: 01/11/2016) |
| 01/11/2016 | 109 | Minute Entry for proceedings held before Judge Clark Waddoups: Jury Trial as to Richard Jenks, Jr held on 1/11/2016. Defendant appears in custody and with counsel. Preliminary jury instructions read to the jury and into the record. Opening statements presented. Parties have stipulated to the admission of Government Exs. 1 - 81. Danielle Wasson-Lane sworn in and testifies. Evidence entered. Jessica Jenks sworn-in and testifies. Jasmine Jenks sworn-in and testifies. Jury admonished and excused for the day. Attorney for Plaintiff: Drew Yeates, Trina Higgens, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Court Reporter: Laura Robinson. (aw) (Entered: 01/25/2016) |
| 01/12/2016 | 106 | NOTICE of Expert Witness by Richard Jenks, Jr (Attachments: # 1 Exhibit CV for Jessica Walker, MFS) (Dizon-Maughan, Abigail) (Entered: 01/12/2016) |
| 01/12/2016 | 110 | Minute Entry for proceedings held before Judge Clark Waddoups: Jury Trial as to Richard Jenks, Jr held on 1/12/2016. Defendant appears in custody and with counsel. Elizabeth Dini sworn-in and testifies. Officer Jason Webb sworn-in and testifies. Steve Daniels sworn-in and testifies. David Ryan sworn-in and testifies. Discussion regarding government objection to playing entire videos of Danielle's interviews. Defendant will only play excepts of videos. Government withdraws objection. Tiffany Smith is sworn-in and testifies. Jury admonished and excused for the day. Discussion outside presence of jury regarding continued schedule for trial. Attorney for Plaintiff: Drew Yeates, Trina Higgins, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Court Reporter: Karen Murakami. (aw) (Entered: 01/25/2016) |
| 01/13/2016 | 116 | Minute Entry for proceedings held before Judge Clark Waddoups: Jury Trial as to Richard Jenks, Jr held on 1/13/2016. Defendant appears in custody and with counsel. Court indicates counsel should decide how they want to present answer to question from the jury. Jury brought in. Continued examination of Tiffany Smith. Danielle Wasson-Lane recalled to testify. Tammy Johns sworn-in and testifies. Government reads stipulation made with defendant regarding a statement made into the record. Discussion regarding allowing expert just identified by defendant to testify. Court will allow expert to testify. Defendant makes oral Motion to Dismiss. The court DENIES the Motion to Dismiss for the reasons stated on the record. The government does moves to dismiss Count 2 of the Indictment in response to jury's question. Government rests. David Ryan recalled to the stand and testifies. Kathleen Hawkins sworn-in and testifies. Jessica Walker sworn-in and testifies. Mehul Anjari sworn-in and testifies. Evidence is closed. Jury admonished and excused for the day. Jury instruction conference set for 3:30 in the jury room. Jury instruction conference held. Attorney for Plaintiff: Drew Yeates, Trina Higgins, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Court Reporter: Laura Robinson. (aw) (Entered: 02/09/2016) |
| 01/13/2016 | 133 | Correspondence Between the Court and Counsel re: Jury Instructions as to Richard Jenks, Jr (rlr) (Entered: 06/28/2016) |
| 01/14/2016 | 117 | Minute Entry for proceedings held before Judge Clark Waddoups: Jury Trial completed as to Richard Jenks, Jr on 1/14/2016. Defendant appears in custody and with counsel. Outside the |

| | | |
|---|---|---|
| | | presence of the jury, discussion regarding final changes to jury instructions and special verdict form. Instructions and verdict finalized and distributed. Jury brought back in and court reads jury instructions. Closing arguments heard. Jury and court security officer are sworn and jury is excused for deliberations. Jury has question and counsel brought back to discuss how to answer. Additional jury instruction drafted and distributed in response. Jury was instructed in response to question. Jury has reached a verdict. Court reconvenes and jury brought in. Special verdict reviewed by judge and read into record. Defendant is found GUILTY on Counts 1, 3 and 4. Sentencing set for 5/12/2016 at 3:00 PM. Jury thanked and excused. Attorney for Plaintiff: Drew Yeates, Trina Higgins, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, retained. Court Reporter: Karen Murakami. (aw) Modified on 3/4/2016 to add sentence date (aw). (Entered: 02/09/2016) |
| 01/14/2016 | 132 | **SEALED DOCUMENT** Jury Notes as to Richard Jenks, Jr (rlr) (Entered: 06/28/2016) |
| 01/15/2016 | 107 | ORDER FOR PSYCHOSEXUAL EXAM as to Richard Jenks, Jr.. Signed by Judge Clark Waddoups on 1/15/16.(jmr) (Entered: 01/15/2016) |
| 01/15/2016 | | Notice of Appearance. U.S. Probation and Pretrial Services hereby advises the Court that Renee Lewis should be added to this case as to Richard Jenks, Jr (rl) (Entered: 01/15/2016) |
| 02/09/2016 | 111 | JURY VERDICT as to Richard Jenks Jr (1) Guilty on Count 1,3-4. Count 2 was previously dismissed on government motion. (aw) (Entered: 02/09/2016) |
| 02/09/2016 | 112 | **SEALED DOCUMENT** Jury List as to Richard Jenks, Jr (aw) (Entered: 02/09/2016) |
| 02/09/2016 | 113 | **SEALED DOCUMENT** Jury Panel Record as to Richard Jenks, Jr (aw) (Entered: 02/09/2016) |
| 02/09/2016 | 114 | Preliminary Jury Instructions as to Richard Jenks, Jr (aw) (Entered: 02/09/2016) |
| 02/09/2016 | 115 | Final Jury Instructions as to Richard Jenks, Jr (aw) (Entered: 02/09/2016) |
| 02/23/2016 | 119 | Supplemental Jury Instructions as to Richard Jenks, Jr (aw) (Entered: 02/23/2016) |
| 03/04/2016 | 120 | **NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by aw) Sentencing set for 5/12/2016 at 03:00 PM in Rm 8.100 before Judge Clark Waddoups. (aw) (Entered: 03/04/2016) |
| 03/09/2016 | | AMENDED NOTICE OF HEARING: Sentencing reset for 5/12/2016 at 02:30 PM in Rm 8.100 before Judge Clark Waddoups. Change in time only. (agm) (Entered: 03/09/2016) |
| 03/17/2016 | 121 | **AMENDED NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by AGM) Sentencing reset for 5/10/2016 at 03:00 PM in Rm 8.100 before Judge Clark Waddoups. (agm) (Entered: 03/17/2016) |
| 04/28/2016 | 122 | ** RESTRICTED DOCUMENT ** RETURN OF SERVICE Executed for Subpoena in a Criminal Case served on Elizabeth Dini, Jasmine Jenks, Jessie Jenks on 4/22/16 as to Richard Jenks, Jr filed by Richard Jenks, Jr. (jmr) (Entered: 04/29/2016) |
| 05/02/2016 | 123 | ** RESTRICTED DOCUMENT ** RETURN OF SERVICE Executed for Subpeona in a Criminal Case served on Danielle Jenks on 4/27/16 as to Richard Jenks, Jr filed by Richard Jenks, Jr. (jmr) (Entered: 05/03/2016) |
| 05/05/2016 | 124 | |

28

| | | **SECOND AMENDED NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by AGM) Sentencing reset for 6/14/2016 at 03:00 PM in Rm 8.100 before Judge Clark Waddoups. (agm) (Entered: 05/05/2016) |
|---|---|---|
| 06/06/2016 | 126 | Correspondence from Richard Jenks, Jr. (Original pleading is written in pencil. Pleading very light) (Attachments: # 1 Envelope)(kpf) (Entered: 06/07/2016) |
| 06/14/2016 | 127 | Minute Entry for proceedings held before Judge Clark Waddoups: Status Conference as to Richard Jenks, Jr held on 6/14/2016. The government states that the victim and family are still about 90 minutes away from the courthouse due to car trouble. The Court has questions regarding restitution which requires the victim to accept or expressly reject restitution. The government states that the victim is not requesting restitution however they do not have a written statement. **The Court re-sets sentencing for 6/17/2016 at 02:00 PM in Rm 8.100 before Judge Clark Waddoups** in order for the victim and her family to be present and address the issue of restitution. The defendant is remanded to the custody of the USMS.<br><br>Attorney for Plaintiff: Drew Yeates, Trina Higgins, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, CJA. Interpreter: None. Probation Officer: Rene Lewis. Court Reporter: Karen Murakami. (rlr) (Entered: 06/14/2016) |
| 06/14/2016 | 128 | NOTICE FROM THE COURT: The court requests that the Government be prepared, at the sentencing hearing set for June 17, 2016 at 2:00, to advise the court of the victim's position regarding mandatory restitution. *See* 18 U.S.C. § 2248(a),(b)(4); *United States v. Speakman*, 594 F.3d 1165, 1175 (10th Cir. 2010) (holding that restitution to the victim is mandatory unless the victim declines restitution). The Government should be prepared to represent that it has discussed with the victim: 1) her right to restitution, 18 U.S.C. § 2248(a),(b)(4); 2) the costs for which restitution is available, *id.* § 2248(b)(3); 3) the funds available to pay restitution, *see* Dkt. No. 125; and 4) the victim's right to assign restitution payments to the Crime Victims Fund, *id.* § 3664(g)(2). The victim should also be given the opportunity to state her position regarding restitution at the sentencing hearing. (agm) (Entered: 06/14/2016) |
| 06/17/2016 | 129 | Minute Entry for proceedings held before Judge Clark Waddoups: Sentencing held on 6/17/2016 for Richard Jenks, Jr (1). The Court finds that the guideline range is calculated correctly. The victim provided a letter to the court regarding possible restitution. The Court leaves the issue of restitution open for 90 days. A hearing is set for 9/13/2016 at 3:00 PM to decide restitution. Family members speak re: sentencing. Discussion and argument heard from counsel regarding sentencing. Count(s) 1, 3-4 Defendant was found guilty after trial.<br>**SENTENCE:** BOP 360 months. Supervised release for LIFE with all standard conditions of release and the following special conditions: 1. The Court ordered that the present report may e release to the state sex-offender registration agency if required for purposes of sex offender registration. 2. The defendant shall participate in a sex offender treatment program as directed by the probation office. 3. The defendant is restricted from contact with individuals who are under 18 years of age without adult supervision as approved by the probation office. 4. The defendant shall abide by the following occupational restrictions: Any employment shall be approved by the probation office. In addition, if third party risks are identified, the probation office is authorized to inform the defendant's employer of his supervision status. 5. The defendant shall not view, access, or possess sexually explicit materials of any format. The Court waives the requirement that the defendant submit to drug testing. The defendant must register as a sex offender. The Court will recommend to the BOP the following: 1. The defendant be designated to a facility in Colorado to facilitate family visitations. 2. The defendant be given a medical evaluation prior to placement and be given proper medical |

| | | |
|---|---|---|
| | | treatment. No fine. SPA $100.00 per count ($300.00 total). Restitution left open for 90 days from sentencing; Count(s) 2, Dismissed. The defendant is remanded to the custody of the USMS.<br><br>Attorney for Plaintiff: Trina Higgins, Attorney for Defendant: Rudy Bautista, Abigail Dizon-Maughan, Retained. Interpreter: None. Probation Officer: Rene Lewis. Court Reporter: Laura Robinson. (rlr) (Entered: 06/20/2016) |
| 06/24/2016 | 130 | JUDGMENT as to Richard Jenks, Jr (1), Count(s) 1, Defendant was found guilty after trial. BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). Restitution left open for 90 days from sentencing; Count(s) 2, Dismissed; Count(s) 3-4, Defendant was found guilty after trial. BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). Restitution left open for 90 days from sentencing. Defendant Termed. Case Closed. Signed by Judge Clark Waddoups on 6/23/16.(jmr) (Entered: 06/24/2016) |
| 06/24/2016 | | Judge update in case as to Richard Jenks, Jr. Magistrate Judge Evelyn J. Furse no longer assigned to case. Case closed on 06/24/2016. (rks) (Entered: 11/13/2017) |
| 06/30/2016 | 134 | NOTICE OF APPEAL by Richard Jenks, Jr re 130 Judgment,,. Appeals to the USCA Tenth Circuit. No Filing Fee. (Bautista, Rudy) (Entered: 06/30/2016) |
| 06/30/2016 | 135 | Transmission of Preliminary Record to USCA as to Richard Jenks, Jr re 134 Notice of Appeal - Final Judgment. (Attachments: # 1 Appendix)(jmr) (Entered: 06/30/2016) |
| 06/30/2016 | 136 | USCA Case Number as to Richard Jenks, Jr Case Appealed to Tenth Case Number 16-4119 for 134 Notice of Appeal - Final Judgment filed by Richard Jenks, Jr.. (jmr) (Entered: 06/30/2016) |
| 07/13/2016 | 137 | AMENDED JUDGMENT to Correct Sentence for Clerical Mistake re Supervised Release as to Richard Jenks, Jr (1). Count(s) 1, 3-4, Defendant was found guilty after trial. BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). Restitution left open for 90 days from sentencing; Count(s) 2, Dismissed. Signed by Judge Clark Waddoups on 7/11/2016. (blh) (Entered: 07/14/2016) |
| 07/21/2016 | 138 | **NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by AGM) Supplemental Hearing set for 9/13/2016 at 03:00 PM in Rm 8.100 before Judge Clark Waddoups for the purpose of determining restitution. (agm) (Entered: 07/21/2016) |
| 08/04/2016 | 140 | Motions No Longer Referred as to Richard Jenks, Jr: 139 MOTION to Appoint Counsel *and for Determination of Indigency*. District Judge to handle the motion. (lnp) (Entered: 08/04/2016) |
| 08/05/2016 | 141 | Motions No Longer Referred as to Richard Jenks, Jr: 139 MOTION to Appoint Counsel *and for Determination of Indigency*. (jmr) (Entered: 08/05/2016) |
| 08/05/2016 | 142 | NOTICE FROM THE COURT re 139 MOTION to Appoint Counsel *and for Determination of Indigency*. Motion has been Sealed per Court Procedures. Motion is unreferred and will be ruled on by Judge Waddoups. (jmr) (Entered: 08/05/2016) |
| 08/18/2016 | 143 | ORDER of USCA as to Richard Jenks, Jr re 134 Notice of Appeal - Final Judgment (jmr) (Entered: 08/18/2016) |
| 08/22/2016 | 144 | |

| | | |
|---|---|---|
| | | **AMENDED NOTICE OF HEARING** as to Richard Jenks, Jr. (Notice generated by MAN): Supplemental Hearing for the purpose of determining restitution and 139 MOTION to Appoint Counsel *and for Determination of Indigency* set for 9/13/2016 at 03:00 PM in Rm 8.100 before Judge Clark Waddoups. (man) (Entered: 08/22/2016) |
| 09/13/2016 | 146 | Minute Entry for proceedings held before Judge Clark Waddoups: Motion Hearing as to Richard Jenks, Jr held on 9/13/2016 re 139 MOTION to Appoint Counsel *and for Determination of Indigency* filed by Richard Jenks, Jr. Dft, in custody, was present with counsel. The Court addressed the issue of indigency. After hearing from dft's counsel and the govt not objecting, the Court found that dft meets the requirements of indigency and orders the appointment of a Fed. Public Defender, with the understanding that if dft is found to have the funds he may be required to pay for those services at the end of the case. Court will have a Magistrate Judge hold a hearing with dft present to appoint new counsel. Attorney for Plaintiff: Trina Higgins, AUSA. Attorney for Defendant: Abigail Dizon-Maughan, retained. Court Reporter: Laura Robinson. (kmj) (Entered: 09/14/2016) |
| 09/15/2016 | 147 | **NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by EJF Chambers) Attorney Appointment Hearing set for 9/19/2016 at 11:30 AM in Rm 7.400 before Magistrate Judge Evelyn J. Furse. (lnp) (Entered: 09/15/2016) |
| 09/16/2016 | 148 | AMENDED JUDGMENT as to Richard Jenks, Jr (1), Count(s) 1, Defendant was found guilty after trial. BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). Restitution left open for 90 days from sentencing.AMENDED JUDGMENT BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). No Restitution Ordered. Count(s) 2, Dismissed; Count(s) 3-4, Defendant was found guilty after trial. BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). Restitution left open for 90 days from sentencing<br><br>**AMENDED JUDGMENT (9/14/2016)** ; Count(s) 2, Dismissed; Count(s)1, 3-4: BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). No Restitution Ordered. Signed by Judge Clark Waddoups on 9/14/2016.(jwt) (Entered: 09/16/2016) |
| 09/19/2016 | 150 | Minute Entry for proceedings held before Magistrate Judge Evelyn J. Furse: Attorney Appointment Hearing as to Richard Jenks, Jr held on 9/19/2016. Defendant present in custody. Court hears from defendant regarding appointment of counsel. Court appoints FPD office to represent the defendant. Government counsel updates the court about child support payments. Defendant remanded to the custody of the USMS. Attorney for Plaintiff: Trina Higgins - AUSA. Interpreter: Not Needed. Court Reporter: Electronic.(Time Start: 11:32:38, Time End: 11:34:47, Room 7.4.) (lnp) (Entered: 09/19/2016) |
| 09/19/2016 | 151 | DOCKET TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Richard Jenks, Jr. Court appoints Scott Keith Wilson for Richard Jenks, Jr. No attached document.<br><br>Representation shall continue for any post-sentencing activities initiated by the US Probation Office, Added attorney Scott Keith Wilson for Richard Jenks, Jr. Attorney Rudy J. Bautista and Abigail M. Dizon-Maughan terminated in case as to Richard Jenks, Jr. Signed by Magistrate Judge Evelyn J. Furse on 9/19/2016.(lnp) (Entered: 09/19/2016) |
| 09/20/2016 | 152 | ORDER of USCA as to Richard Jenks, Jr re 134 Notice of Appeal - Final Judgment. Order filed by Judge Tymkovich (ERR) granting the motion to withdraw by Abigail M. Dizon- |

31

| | | |
|---|---|---|
| | | Maughan and Rudy J. Bautista and appointing the Federal Public Defender for the District of Utah to represent Richard Jenks Jr. Notice of appearance due to the Te nth Circuit on 09/30/2016 for Richard Jenks Jr. Designation of record and transcript order form due 09/30/2016 for appellant. (jmr) (Entered: 09/20/2016) |
| 09/30/2016 | 153 | DESIGNATION OF RECORD ON APPEAL by Richard Jenks, Jr re 134 Notice of Appeal - Final Judgment Designated documents 1,54,57,58,59,60,64,65,66,83,84,97,98,102,106,133,132,111,112,114,115,119,126,128, 130,134,137,148,. Designated transcripts for 12/21/15,1/8/16,1/11/16,1/12/16,1/13/16,1/14/16,6/14/16,6/17/16. Other documents: Sealed Statment of Reasons, Sealed Presentence Report. (Attachments: # 1 Supplement)(Wilson, Scott) (Entered: 09/30/2016) |
| 09/30/2016 | 154 | TRANSCRIPT REQUEST FORM by Richard Jenks, Jr for proceedings held on 12/21/15,1/8/16,1/11/16,1/12/16,1/13/16,1/14/16,6/14/16,6/17/16 before Judge Waddoups, re 134 Notice of Appeal - Final Judgment, 153 Designation of Record on Appeal, (Attachments: # 1 Supplement)(Wilson, Scott) (Entered: 09/30/2016) |
| 11/08/2016 | 155 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Final Pretrial Conference as to Richard Jenks, Jr held on December 21, 2015 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Laura W. Robinson, RPR, FCRR, CSR, CP, Telephone number (801)328-4800. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/08/2016 | 156 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Selection as to Richard Jenks, Jr held on January 8, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Laura W. Robinson, RPR, FCRR, CSR, CP, Telephone number (801)328-4800. **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |

32

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/08/2016 | 157 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial as to Richard Jenks, Jr held on January 11, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Laura W. Robinson, RPR, FCRR, CSR, CP, Telephone number (801)328-4800.

**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/08/2016 | 158 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial as to Richard Jenks, Jr held on January 13, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Laura W. Robinson, RPR, FCRR, CSR, CP, Telephone number (801)328-4800.

**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/08/2016 | 159 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial as to Richard Jenks, Jr held on January 14, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Karen Murakami, CSR, RPR, Telephone number 801-328-4800.

**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court** |

33

|            |     |                                                                                                                                                                                                                                                                                                                                                                      |
|------------|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | **proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |
|            |     | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/08/2016 | 160 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Jury Trial as to Richard Jenks, Jr held on January 12, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Karen Murakami, CSR, RPR, Telephone number 801-328-4800. |
|            |     | **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |
|            |     | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/08/2016 | 161 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference as to Richard Jenks, Jr held on June 14, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Karen Murakami, CSR, RPR, Telephone number 801-328-4800. |
|            |     | **NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact personal data identifiers from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.** |
|            |     | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/08/2016 | 162 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Sentencing as to Richard Jenks, Jr held on June 17, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final |

| | | |
|---|---|---|
| | | Judgment. Court Reporter: Laura W. Robinson, RPR, FCRR, CSR, CP, Telephone number 801-328-4800.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact <u>personal data identifiers</u> from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/29/2016. Redacted Transcript Deadline set for 12/9/2016. Release of Transcript Restriction set for 2/6/2017. (jmr) Modified on 2/6/2017 by removing restricted text (las). (Entered: 11/08/2016) |
| 11/18/2016 | 165 | NOTICE OF FILING OF OFFICIAL AMENDED TRANSCRIPT of Jury Trial as to Richard Jenks, Jr held on January 13, 2016 before Judge Clark Waddoups, re 134 Notice of Appeal - Final Judgment. Court Reporter: Laura W. Robinson, RPR, FCRR, CSR, CP, Telephone number (801)328-4800.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: Within 7 business days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the parties intent to redact <u>personal data identifiers</u> from the electronic transcript of the court proceeding. To redact additional information a Motion to Redact must be filed. The policy and forms are located on the court's website at www.utd.uscourts.gov. Please read this policy carefully. If no Notice of Intent to Redact is filed within the allotted time, this transcript will be made electronically available on the date set forth below.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/9/2016. Redacted Transcript Deadline set for 12/19/2016. Release of Transcript Restriction set for 2/16/2017. (jmr) Modified on 11/18/2016-Amends 158 (jmr). Modified on 2/16/2017 by removing restricted text (las). (Entered: 11/18/2016) |
| 11/21/2016 | 166 | Transmitted Record on Appeal as to Richard Jenks, Jr to US Court of Appeals re 134 Notice of Appeal - Final Judgment. (jmr) (Entered: 11/21/2016) |
| 05/08/2017 | 167 | Judgment Returned Executed as to Richard Jenks, Jr on 10/13/16. (jmr) (Entered: 05/08/2017) |
| 12/08/2017 | 168 | MANDATE of USCA as to Richard Jenks, Jr re 156 Transcript - Appeal, 159 Transcript - Appeal, 134 Notice of Appeal - Final Judgment, 158 Transcript - Appeal, 153 Designation of Record on Appeal, 154 Transcript Request - Appeal, 162 Transcript - Appeal, 143 USCA Order, 152 USCA Order, 160 Transcript - Appeal, 157 Transcript - Appeal, 161 Transcript - Appeal, 135 Transmission of Preliminary Record to USCA, 166 Transmission of Record on Appeal Sent to USCA, 136 USCA Case Number, 165 Transcript - Appeal, 155 Transcript - Appeal. According to the USCA the decision of the USDC for the Dist of UT is Affirmed in Part, Vacated in Part and Remanded. Judgment included with mandate: Yes. (Attachments: # 1 Mandate Letter)(jmr) (Entered: 12/08/2017) |

35

| | | |
|---|---|---|
| 12/11/2017 | 169 | **NOTICE OF HEARING** as to Richard Jenks, Jr (Notice generated by MAN): Per 168 the Tenth Circuit's Mandate, resentencing set for 1/23/2018 at 02:30 PM in Rm 8.100 before Judge Clark Waddoups. (man) (Entered: 12/11/2017) |
| 12/11/2017 | 170 | DOCKET TEXT ORDER as to Richard Jenks, Jr: The court requests that the United States Attorneys Office provide an ASR Form to the United States Marshals Service within 14 days of this Order. No attached document. Signed by Judge Clark Waddoups on 12/11/17. (man) (Entered: 12/11/2017) |
| 12/15/2017 | 171 | Defendant's MOTION to Continue as Counsel re 151 Order Appointing Public Defender,,, Add and Terminate Attorneys,, filed by Richard Jenks, Jr. (Attachments: # 1 Text of Proposed Order) Attorney Daphne A. Oberg added to party Richard Jenks, Jr(pty:dft)(Oberg, Daphne) (Entered: 12/15/2017) |
| 12/18/2017 | 172 | ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE AS COUNSEL-granting 171 Motion as to Richard Jenks Jr (1). Signed by Judge Clark Waddoups on 12/15/17. (jmr) (Entered: 12/18/2017) |
| 12/18/2017 | 173 | NOTICE OF ATTORNEY APPEARANCE: Daphne A. Oberg appearing for Richard Jenks, Jr (Oberg, Daphne) (Entered: 12/18/2017) |
| 12/18/2017 | 174 | NOTICE of Intent to Waive Appearance by Richard Jenks, Jr (Attachments: # 1 Exhibit A Appearance Waiver) (Oberg, Daphne) (Entered: 12/18/2017) |
| 12/22/2017 | 175 | DOCKET TEXT ORDER as to Richard Jenks, Jr: The court WITHDRAWS its previous Order at 170 requesting the USAO provide an ASR Form to the USMS. Due to Mr. Jenks' waiver of appearance, no transport will be required in this case. No attached document. Signed by Judge Clark Waddoups on 12/22/17. (man) (Entered: 12/22/2017) |
| 12/22/2017 | | **NOTICE VACATING RESENTENCING HEARING** as to Richard Jenks, Jr: The resentencing set for 1/23/2018 at 02:30 PM before Judge Clark Waddoups is hereby CANCELLED. Counsel will resolve the remand issue through stipulation. (man) (Entered: 12/22/2017) |
| 12/29/2017 | 176 | Stipulated MOTION to Amend/Correct 148 Amended Judgment,,,, *Re ReSentencing* filed by Richard Jenks, Jr. (Oberg, Daphne) (Entered: 12/29/2017) |
| 01/03/2018 | 177 | DOCKET TEXT ORDER GRANTING 176 Motion to Amend/Correct as to Richard Jenks Jr. An amended judgment is forthcoming. Signed by Judge Clark Waddoups on 1/3/2018. No attached document. (man) (Entered: 01/03/2018) |
| 01/04/2018 | 178 | AMENDED JUDGMENT as to Richard Jenks, Jr (1), Count(s) 1, Defendant was found guilty after trial. BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). Restitution left open for 90 days from sentencing. AMENDED JUDGMENT (9/14/2016) BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). No Restitution Ordered. AMENDED JUDGMENT(1/4/18):Dft was found guilty on counts 1,3,4 and 4 of the indictment. BOP 360 months. Supervised Release for life. SPA: $300.; Count(s) 2, Dismissed; Count(s) 3-4, Defendant was found guilty after trial. BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA $100.00 per count ($300.00). Restitution left open for 90 days from sentencing AMENDED JUDGMENT (9/14/2016) BOP 360 months. Supervised release for life with standard and special conditions. No fine. SPA |

36

| | | |
|---|---|---|
| | | $100.00 per count ($300.00). No Restitution Ordered. AMENDED JUDGMENT(1/4/18):Dft was found guilty on counts 1,3,4 and 4 of the indictment. BOP 360 months. Supervised Release for life. SPA: $300. Signed by Judge Clark Waddoups on 1/3/18.(jmr) (Entered: 01/04/2018) |
| 01/14/2019 | | Notice of Withdrawal. U.S. Probation and Pretrial Services hereby advises the Court that Renee Lewis should be terminated from this case as to Richard Jenks, Jr (rl) (Entered: 01/14/2019) |
| 02/11/2019 | 179 | NOTICE OF FILING MOTION TO VACATE UNDER 28 U.S.C. 2255 by Richard Jenks, Jr. Civil Case Number 2:19cv00094 CW (tlh) (Entered: 02/11/2019) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/24/2020 10:18:47 | | |
| PACER Login: | stephdefa | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:15-cr-00072-CW |
| Billable Pages: | 22 | Cost: | 2.20 |

37

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION


| | |
|---|---|
| In re: | ) |
| | ) |
| UNITED STATES OF | ) |
| AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:15-CR-00072 |
| | ) |
| RICHARD JENKS, JR, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |


BEFORE THE HONORABLE CLARK WADDOUPS

September 21, 2015


Status Conference


Laura W. Robinson, RPR, FCRR, CSR, CP
351 South West Temple
8.430 U.S. Courthouse
Salt Lake City, Utah 84101
(801)328-4800

**Appearances of Counsel:**

```
For the Plaintiff:          J. Drew Yeates
                            Trina Higgins
                            Attorneys at Law
                            US Attorney's Office (UT)
                            185 South State Street
                            Suite 300
                            Salt Lake City, Utah 84101

For the Defendant:          Rudy J. Bautista
                            Abigail M. Dizon-Maughan
                            Attorney at Law
                            Bautista Overson & Stewart PC
                            675 East 2100 South
                            Suite 270
                            Salt Lake City, Utah  84106
```

```
 1              Salt Lake City, Utah, September 21, 2015

 2                           * * * * *

 3         THE COURT:  We are here in the matter of the United

 4    States versus Richard Jenks, case 2:15-CR-72.  Will counsel

 5    please state their appearance.

 6         MR. YEATES:  Your Honor, Drew Yeates and Trina Higgins

 7    on behalf of the United States.

 8         THE COURT:  Thank you.

 9         MR. BAUTISTA:  Your Honor, Rudy Bautista and Abigail

10    Dizon-Maughan for the defendant Mr. Jenks.

11         THE COURT:  Thank you.  We're here on several motions.

12    This was the time scheduled for the final pretrial

13    conference, but before we discuss that we need to discuss

14    the defendant's motion to continue the trial.

15         I don't have any opposition from the United States.

16    What is the position of the United States as to the motion

17    to continue?

18         MR. YEATES:  Your Honor, the United States does not

19    oppose the motion to continue.  And, Your Honor, based on

20    the defendant's sealed memorandum and motion regarding 412,

21    the United States believes it would be prejudice if there

22    wasn't a continuance.  We feel, Your Honor, that we have an

23    obligation to do due diligence to follow up on the 412

24    motion.  It would require interviews of individuals,

25    potentially also DNA testing.  We have had a discussion with
```

40 <sup>3</sup>

1       the FBI lab, we believe that we can get that done in between

2       60 to 90 days.  And so at this point, Your Honor, it would

3       be the United States' request that the court continue this

4       trial approximately 90 days.  That we are confident that we

5       can follow through with the 412 information the defendant

6       has provided, do our due diligence in that regard.

7            I would also indicate, Your Honor, as of today the

8       United States has not received the expert for the

9       defendant's report.  And so we, as of today, are unaware of

10      what his testimony will be.  I know that he has requested

11      additional documentation.  At this point we believe that we

12      have provided all of the documentation their expert witness

13      has requested.  I'm trying to thing if there is anything

14      else, Your Honor, I needed to point out.  I think that

15      really covers the position of the United States.  I

16      understand that the defendant is in custody.  We certainly

17      don't want to keep him in custody any longer than needs be,

18      but at this point in order to both sides to do their due

19      diligence I believe that a short continuance is required.

20           THE COURT:  I will grant the motion to continue the

21      trial.  Mr. Bautista, you asked for a continuance of

22      30 days, the United States is suggesting 60 to 90 days.

23      Does the defense object to that long of a continuance?  It

24      means that Mr. Jenks will remain in custody during that

25      period of time.

1      MR. BAUTISTA:  Unfortunately, Mr. Jenks is concerned

2   and is very stressed because of health and age being in

3   custody.  Unfortunately, the predominant witness that we

4   need, Jessica Walker, is unavailable until mid October.  In

5   regards to the follow up investigation that the United

6   States needs to make, I understand their position.  I would

7   ask the court if it would consider if it is granting a

8   continuance for 90 days the possibility of Mr. Jenks being

9   released to a halfway house.

10     THE COURT:  Before we address that, I would have the

11  ability to reschedule this trial to the period of

12  November 13th through the 20th.  That is shorter than the

13  time the United States has requested.  Is there -- is it

14  possible to complete all of the necessary work that is

15  needed to proceed with the trial on that date?

16     MR. YEATES:  Your Honor, it's possible that we could

17  obtain the information by that amount of time.  However, it

18  would be very doubtful that their expert would have time to

19  review what we have.  I would also mention, Your Honor, that

20  I have a family vacation scheduled at that exact time.  In

21  fact, I leave on the 13th and return on the 18th.  And there

22  are four unrefundable plane tickets to the Midwest.

23     THE COURT:  If we don't proceed on that date then

24  we're looking at moving into like the first or second week

25  of January.  Mr. Bautista, any objection to scheduling a

1      trial on that date?

2          MR. BAUTISTA:  I am very sorry, Your Honor, Mr. Jenks

3      indicates that it would be difficult for him to stay in

4      custody that long and I am deferring to him.  I understand

5      the complexities of the case, I understand vacations, I used

6      to work with Mr. Yeates when we were at the Salt Lake Legal

7      Defenders together.  But I understand the concerns, but

8      Mr. Jencks is -- he has been very insistent on wanting to go

9      to trial.  We had to explain to him that we needed the

10     continuance because to put him in the best position and it

11     would be prudent to make sure we did so.

12         THE COURT:  Does the United States have a position as

13     to whether -- the request that Mr. Jenks be released to the

14     halfway house?

15         MR. YEATES:  Your Honor will recall, I believe, that

16     there was an appeal to, Your Honor, and essentially the

17     parties submitted the same evidence to Your Honor as was

18     submitted to the magistrate.  One of the concerns the United

19     States offered at that appeal was that the victim in this

20     case was living on the reservation.  That's still true

21     today.  I met with her on the reservation last week and so

22     she is still there, she is living on the reservation, and

23     that has always been our main concern is his potential

24     access to her.  And then if his ex-wife or I guess estranged

25     wife and children move back to the reservation, to date they

1    have not, they still are living in Nevada.  So at this

2    point, that has always been our main concern, and with that,

3    judge, I'll submit it.

4          THE COURT:  Mr. Bautista, I assume when you ask that

5    he be released to the halfway house you're talking about a

6    facility in Salt Lake City?

7          MR. BAUTISTA:  Yes, and that he would be restricted to

8    say in Salt Lake County and would not be allowed to leave.

9          THE COURT:  Umm --

10         MR. BAUTISTA:  Initially, Your Honor, when we had our

11   first detention hearing, Judge Wells indicated that she

12   might consider such.  We were then able to -- the United

13   States Probation and Pretrial Services was able to verify

14   that they did have space available for him.  When we

15   approached on that, it was subsequently denied.  But yes, it

16   would be Salt Lake County only and he would be restricted

17   obviously from leaving the county.

18         THE COURT:  Typically in the halfway house they want

19   the defendant to be involved in employment or some other

20   opportunity.  Would that be normal condition with Mr. Jenks

21   or would he simply just be in the halfway house and --

22         MR. BAUTISTA:  We did initially ask for the

23   opportunity for employment in the Salt Lake region,

24   predominantly because this is a case where experts were

25   needed.  We were hoping that we could have this case

**44** ⁷

1      entirely privately funded.

2            THE COURT:  What I'm inclined to do is -- I don't have

3      any information from the probation as to whether or not they

4      believe that he could be adequately supervised, but given

5      the long continuance and some representations at least that

6      Mr. Jenks is declining rapidly in terms of his mental and

7      physical health while in custody, I would be inclined to

8      grant a release to the halfway house.  I think what I should

9      do, and I want your response to this, is defer ruling on

10     that until we give probation an opportunity to investigate

11     and determine whether or not they can place him in the

12     halfway house and whether they could come up with conditions

13     that would adequately supervise.  So I would -- I would not

14     continue long, but if we could -- I would defer making this

15     decision to give them a week to investigate that

16     opportunity.  Any objection to that, Mr. Bautista?

17           MR. BAUTISTA:  No, Your Honor, I think that would be

18     prudent.

19           THE COURT:  Okay.  That will be the court's ruling and

20     I'll ask probation to meet with Mr. Jenks and meet with the

21     halfway house and make the determinations of what conditions

22     would be appropriate for his release, and let's schedule a

23     time to resolve that issue for next week.

24           THE CLERK:  We could do it September 30th at 10:30.

25           THE COURT:  Any reason why that date doesn't work?

```
 1            MR. YEATES:  No, Your Honor.

 2            MR. BAUTISTA:  No, Your Honor.

 3            THE COURT:  Then we will continue that issue until

 4     September 30th at 10:30.

 5            Let's turn now to setting a trial date.  Is the

 6     estimate still one week?

 7            MR. YEATES:  Yes, Your Honor, although defense

 8     counsel's witness list was a lot longer than I had

 9     anticipated.  So what I -- what I can indicate, Your Honor,

10     is that the government anticipates, at most, three days for

11     our case-in-chief.

12            THE COURT:  Mr. Bautista, what do you anticipate?

13            MR. BAUTISTA:  Most of our witnesses -- we were

14     overinclusive to play it safe, but most of our witnesses

15     would be brief in testimony.  So I would think five days of

16     trial would be more than sufficient.

17            THE COURT:  All right.  So let's schedule jury

18     selection for a Friday, and then allow a full five days for

19     the presentation of evidence the following -- starting the

20     following Monday.

21            Adriane, if you could give us a date as early in

22     January as our calendar will permit.

23            THE CLERK:  All right.  January 4th which would mean

24     January 1st for the jury selection.

25            THE COURT:  January 1st is probably not a good date to
```

46   9

1      get the jury here.  So push it back a week.

2          THE CLERK:  We can push it back a week.  So to the 9th

3      through the 15th.  Any reason counsel knows why that date

4      won't work?

5          MR. YEATES:  That works for the United States, Your

6      Honor.

7          MR. BAUTISTA:  That works for the defense.

8          THE COURT:  Okay.  We will continue the trial to that

9      date.  We will need to have findings to satisfy the Speedy

10     Trial Act.  Mr. Bautista, since you're the proponent of

11     this, do you want to make an oral record at this time of the

12     facts that would support continuing the trial to that date?

13         MR. BAUTISTA:  Thank you, Your Honor.  The nature of

14     this case and the allegations having transpired over several

15     years, and the need for numerous expert witnesses warrants

16     further investigation and preparation of experts.  But more

17     importantly, the defense anticipates calling Jessica Walker,

18     an FBI expert, who compared the hair samples on the physical

19     evidence and found that the hairs belonged to a Caucasian

20     person.  Therefore, we believe that the defense believes

21     that that would be essential for the defense to present that

22     evidence as Mr. Jenks is of mongoloid ancestry and not

23     Caucasian that that could sway a jury.  And in addition to

24     that, the state or the government needs additional time to

25     follow up and for further expert reviews warrants the delay

1    of this trial and that the time should be not counted

2    against the government for the delay.

3        THE COURT:  The court finds that under the factors set

4    forth in the *Toombs* decision under the Speedy Trial Act

5    those conditions have been met.  I'm going to place the

6    burden on the United States to prepare a written order with

7    the appropriate findings and submit it to Mr. Bautista and

8    then to the court.

9        MR. YEATES:  Yes, Your Honor.

10       THE COURT:  The next motion is the what I'll call the

11   Rule 412 motion which is the motion to admit the evidence of

12   alleged victims.  I don't believe that the court can rule on

13   that motion until we conduct the appropriate hearings under

14   Rule 412.  Given the new trial schedule, when would counsel

15   be prepared to proceed with that evidentiary hearing.

16       MR. BAUTISTA:  If I may have a moment, Your Honor?

17       THE COURT:  Sure.

18       MR. BAUTISTA:  Your Honor, due to the investigation

19   that needs to be done and also the follow up with the hair

20   technician, we're asking for a hearing in early December.

21       THE COURT:  Let's see if we can pick a date.  Adriane,

22   would you find us a date in early December.  Will we need,

23   what, a half a day?  Do you think we need more than a half a

24   day?

25       MR. BAUTISTA:  We would not need more than a half a

1    day.

2            MR. YEATES:  Half a day should cover us, Your Honor.

3            THE COURT:  Okay.

4            THE CLERK:  We could do it at 3:00 on December 1st.

5            THE COURT:  That's going to give you roughly two

6    hours.  Is that going to be enough time?

7            MR. YEATES:  Your Honor, we have a conflict for

8    counsel on that date.  Would it be possible to push it into

9    the next week?

10            THE COURT:  I think we have a white collar crime trial

11    proceeding during those two weeks.  So I guess the first

12    question is if we began at 3:00 or 3:30 -- well 3:00 or

13    2:30, is that going to give you enough time?

14            MR. YEATES:  Your Honor, I believe it would.

15            THE COURT:  Mr. Bautista, do you think that is --

16            MR. BAUTISTA:  It would depend on if we're bringing in

17    the hair expert from Quantico and her testimony and

18    foundation.  So we will try to obtain a stipulation to her

19    report for that hearing, but it depends.

20            THE COURT:  If we went to a date when we would have a

21    morning so we are not facing those time constraints,

22    Adriane, what would it be?

23            THE CLERK:  Oh, that is not good.  The soonest would

24    be December 21st.

25            THE COURT:  That is a little close to Christmas.

1        THE CLERK:  Yeah.  We do have a hearing -- motion

2   hearing that afternoon, or we could do it the 22nd in the

3   morning.

4        MR. YEATES:  Your Honor, on the 21st the motion

5   hearing is with me as counsel.  I would be happy to do this

6   in the morning, and then the -- it looks look the 1:30

7   motion hearing in the afternoon on a different case I'm

8   available to do both.

9        THE COURT:  Does that work, Adriane?

10       THE CLERK:  Yes.

11       MR. BAUTISTA:  The 21st would work for the defense.

12       THE COURT:  Let's set the Rule 412 motion for December

13   21st.  Let's set it for 8:30 in the morning so we're not

14   crowded in terms of time.  And then we will re-notice the

15   other hearing for the afternoon.  Is there anything further

16   we need to discuss today?

17       MR. BAUTISTA:  Not for the defense.  Thank you.

18       MR. YEATES:  No, Your Honor.

19       THE COURT:  At the time of the hearing on the 21st, I

20   would like you to also be prepared to discuss whether or not

21   we need any final pretrial issues to be resolved by that

22   same date.  So if there is other issues like motions in

23   limine that are not resolved, let's hear them on the 21st.

24       MR. YEATES:  Yes, Your Honor.

25       THE COURT:  Okay.  Thank you.  We will be in recess

1     and we'll resolve the detention issue next week.

2          MR. BAUTISTA:  Thank you, Your Honor.

3          MR. YEATES:  Thank you, judge.

4          (Whereupon, the hearing concluded at 3:47 p.m.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    STATE OF UTAH            )

 2                             )ss

 3    COUNTY OF SALT LAKE      )

 4

 5            I, Laura W. Robinson, Certified Shorthand

 6    Reporter, Registered Professional Reporter and Notary Public

 7    within and for the County of Salt Lake, State of Utah, do

 8    hereby certify:

 9            That the foregoing proceedings were taken before

10    me at the time and place set forth herein and were taken

11    down by me in shorthand and thereafter transcribed into

12    typewriting under my direction and supervision;

13            That the foregoing pages contain a true and

14    correct transcription of my said shorthand notes so taken.

15            In witness whereof I have subscribed my name and

16    affixed my seal this 29th day of September, 2015.

17

18                          _____

19                          Laura W. Robinson

20                          RPR, FCRR, CSR, CP

21

22

23

24

25
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| UNITED STATES OF | ) |
| AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:15-CR-00072 |
| | ) |
| RICHARD JENKS, JUNIOR, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

BEFORE THE HONORABLE CLARK WADDOUPS

June 17, 2016

**Sentencing Hearing**

Laura W. Robinson, RPR, FCRR, CSR, CP
351 South West Temple
8.430 U.S. Courthouse
Salt Lake City, Utah 84101
(801)328-4800

**Appearances of Counsel:**

```
For the Plaintiff:        Trina Higgins
                          Attorney at Law
                          U.S. Attorney's Office
                          185 South State Street
                          Suite 300
                          Salt Lake City, Utah 84111

For the Defendant:        Rudy J. Bautista
                          Abigail M. Dizon-Maughan
                          Attorneys at Law
                          Bautista Overson & Stewart PC
                          675 East 2100 South
                          Suite 270
                          Salt Lake City, Utah 84106
```

```
 1    Salt Lake City, Utah                      June 17, 2016

 2                           (2:10 p.m.)

 3          THE COURT:  We are here in the matter of the United

 4    States versus Richard Jenks, Junior, case 2:15-CR-72.  Will

 5    counsel please state their appearance.

 6          MS. HIGGINS:  Trina Higgins for the United States.

 7          MR. BAUTISTA:  Rudy Bautista and Abigail Dizon-Maughan

 8    for the defendant.

 9          THE COURT:  We are here for sentencing.  Let's begin

10    with a discussion of the sentencing guideline range.  The

11    base offense level for Count 1, aggravated sexual abuse of a

12    child within Indian Country is 38.  There is a two level

13    enhancement based on the fact that the minor was in the

14    custody, care, or supervision of the defendant which would

15    result in a total adjusted offense level of 40 under that

16    count.  Any objection to that part of the guideline

17    calculation?

18          MR. BAUTISTA:  No, Your Honor.

19          MS. HIGGINS:  No, Your Honor.

20          THE COURT:  Under Count 3, sexual abuse of a minor

21    within Indian Country, the base level is 14, there is a four

22    level enhancement because the minor was in the custody,

23    care, or control of the defendant resulting in a total

24    offense level of 22.  Any objection to that part of the

25    guideline calculation?
```

```
 1              MS. HIGGINS:  No, Your Honor.

 2              MR. BAUTISTA:  No, Your Honor.

 3              THE COURT:  And with respect to Count 4, sexual abuse

 4     of a minor within Indian Country, again the base offense

 5     level is 18 and there is a four level enhancement resulting

 6     in a total offense level of 22.  Any objection to that

 7     calculation?

 8              MS. HIGGINS:  No, Your Honor.

 9              MR. BAUTISTA:  No, Your Honor.

10              THE COURT:  Based on the adjustments for the multiple

11     counts, that results in a total offense level of 40.  The

12     defendant has no adult criminal convictions resulting in a

13     criminal history category of one.  Any objection to that

14     part of the calculation?

15              MS. HIGGINS:  No, Your Honor.

16              MR. BAUTISTA:  No, Your Honor.

17              THE COURT:  Is there objection to any of the other

18     information in the Presentence Report?

19              MS. HIGGINS:  No objection from the United States.

20              MR. BAUTISTA:  No, Your Honor.

21              THE COURT:  The court finds that the guideline range

22     has been correctly calculated and will accept the

23     Presentence Report as a factual basis in addition to the

24     trial record to support the sentencing.  Based on that

25     guideline range, the total offense level of 40 and a
```

1    criminal history category of one, with respect to the

2    sentence there is a 360 month or 30 year mandatory minimum

3    sentence with the guideline range being between 360 and

4    365 months.  Supervised release ranges from five years to

5    life, and there is a possibility of a fine and a possibility

6    of restitution and a possibility of an assessment fee of

7    $100.00 per count.

8         Before I hear from counsel, the victim in this case,

9    who I will refer to as the victim to preserve her privacy

10   rather than by her name, has provided me with a written

11   statement that I, Danielle Xxxxx, I shouldn't say that, I,

12   the victim, I will ask you to fix the record so that it

13   doesn't disclose her name, do not want to speak at Richard

14   Jenks, Senior's sentencing.  She continues, I also am not so

15   sure about the restitution because I have not paid for any

16   counseling for myself, but I would like him to pay for me to

17   go to a gynecologist.  And then it is signed by the victim.

18        I respect the victim's right to not speak at the

19   sentencing hearing.  You understand you have that right if

20   you should choose to speak.

21        With respect to the restitution, it appears that the

22   victim may be interested after further investigation and

23   information to pursue some victim rights.  I would suggest

24   and entertain counsel's input on this.  We have the option

25   to delay making a decision on restitution for 90 days after

1    the sentence is imposed.  That would give us an opportunity

2    to explore with the victim her request, the amount of

3    resources that may be available, and the amount of a claim

4    she may submit.  What is the position of the United States?

5        MS. HIGGINS:  Your Honor, because of the victim's

6    status, any health care that she receives would be paid for

7    by Indian Health Services, should would not have any

8    out-of-pocket expenses.  But in the event that she chose to

9    go to a provider outside of Indian Health Services, there

10   could be an out-of-pocket expense.  So we would ask the

11   court to keep that issue open for 90 days, and we will work

12   with her to make sure that she gets that appointment and to

13   make a determination whether there are any out-of-pocket

14   expenses.

15       THE COURT:  There are also other benefits that are

16   available to her such as costs of travel, hotel

17   accommodations, and other items that are provided for by the

18   statute that should be fully explored with her.

19       MS. HIGGINS:  And we have.  Our victim witness

20   coordinator is an expert in this area and has gone through

21   those with her.  All of her travel expenses, housing

22   expenses, and per diem coming to and from court has been

23   covered because she was a witness and she was subpoenaed to

24   be here.  So that was all covered by the court system.  But

25   we have discussed with her any other possible out-of-court

```
 1       expenses.  Our victim witness coordinator also talked to her
 2       about the fact that the funds are available and went through
 3       the possibilities with her but she does not have any
 4       out-of-pocket expenses.
 5              THE COURT:  All right.  Well, we will leave the -- and
 6       I was going to note, based on the information of the
 7       Presentence Report, it does appear that there may be funds
 8       available in this case to pay restitution and the statute
 9       makes restitution in this case mandatory should she wish to
10       pursue them and be supported by adequate evidence.
11              So we will continue the restitution part of the
12       hearing for 90 days and set a further hearing on that.  If
13       the defendant decides not to pursue restitution, you can
14       advise me in writing of that.  If she does, we will set a
15       hearing and follow up on it --
16              MS. HIGGINS:  Thank you, Your Honor.
17              THE COURT:  -- at that point in time.
18              MS. HIGGINS:  Your Honor, we will do that.
19              THE COURT:  Is there anyone else who wants to speak,
20       besides the victim, before I hear from counsel as to what
21       the appropriate sentence should be?
22              MS. HIGGINS:  Your Honor, may I just ask one more
23       time?
24              THE COURT:  Yes.
25              MS. HIGGINS:  Your Honor, the victim's mother would
```

1    like to address the court.

2         THE COURT:  She may do so.  Just right here at the

3    podium is fine.  You don't need to take the witness stand.

4    And just state your name so the court reporter can take it

5    down correctly.

6         MS. DINI:  My name is Elizabeth Dini.  I am Danielle's

7    mom.  Do I face this way or the other way?

8         MS. HIGGINS:  That way is fine.

9         THE COURT:  Just go ahead and say whatever you feel

10   like in your heart you need to say.

11        MS. DINI:  First off I would like to say that I never

12   wanted, you know, this to happen and that I was just

13   protecting my children.  And I don't know, I mean the

14   evidence is all there and I know that I can't take things

15   back or rewind time, but I feel bad for my girls, for

16   Jasmine, Jessie, and Danielle.  Danielle has unbelievable

17   damage to her mentality, to her emotions.  And I wish this

18   all never happened because me and my girls wish we were back

19   home.  My daughters have all gone very bad.  They have gone

20   to drinking and drugs and all because they love their dad

21   and all because they love their sister.  And I don't know

22   what else to say besides that I had to stand up for what was

23   right.  And Richard always stood up for what was right in

24   council.  He always talked about accountability.  And then I

25   was married to him for 16 years and that is what he believed

1    in and I just followed what I was taught.

2         I am sorry I took -- I feel like it's my fault, but I

3    never wanted to take Israel's dad away from him.  My son

4    this is -- he is all innocent.  I just want all my girls to

5    know that I love them.

6         THE COURT:  Thank you.  Is there anyone else who

7    wishes to speak?

8         MS. HIGGINS:  No, Your Honor.

9         THE COURT:  Ms. Higgins, what is the recommendation of

10   the United States?

11        MS. HIGGINS:  Your Honor, the United States is

12   recommending that the court impose a 30 year sentence.  The

13   30 year sentence is statutorily mandated, but in this case

14   it is also warranted.  In this case, and there are very few

15   cases where a 30 year sentence is warranted, but in this

16   case it is.  It is appropriate because of the nature and

17   circumstances of this case.

18        I want to talk about a few specific things in

19   particular.  It is warranted because of the very young age

20   at which Mr. Jenks started to abuse Danielle.  The first

21   sexual act committed against Danielle was at 11 years old.

22   It is warranted because of the length of time over which he

23   sexually abused Danielle.  Over the course of the next four

24   to five years he sexually abused Danielle multiple times.

25   And the third reason that this sentence is warranted is the

1    number of times that he abused her.  At times it happened

2    almost daily, at times it was once or twice a week.  But

3    over the course of those years, he abused her on a regular

4    basis, countless numbers of times.  It is warranted because

5    of the type of sexual abuse that he committed against her.

6    This wasn't just a simple molestation.  He raped her, he

7    anally raped her, and he orally sodomized her.

8         The crime that he committed against her warrants a 30

9    year sentence because she is forever effected and changed by

10   what he did to her.  The trajectory of her life will be

11   forever affected by the damage that he caused.  That doesn't

12   mean her life is ruined.  That doesn't mean she can't become

13   anyone she wants to be.  She can choose to be who she wants

14   to be.  The first step that she made in this choice is that

15   she stood up to him.  She came in here, she took the stand,

16   and she stood up to her abuser.  And that is not something a

17   lot of victims can do but that was the first step.  Danielle

18   is a survivor and she will choose her life based on her

19   choices and who she is and not based on what he did to her.

20   But she can't change what he did to her and it will forever

21   be a part of her history and it will be forever a part of

22   her psychology.

23        The damage he did to her and her family, to her

24   mother, to each of her sisters, and to her young brother,

25   the damage that he did by committing these terrible crimes

1    against Danielle warrants a 30 year sentence.  And the

2    United States would ask the court to impose a lifetime

3    sentence of supervision based on this particular offense.

4    Thank you.

5          THE COURT:  Mr. Bautista, do you wish to speak on

6    behalf of the defendant?

7          MR. BAUTISTA:  If I may, Your Honor.  Thank you.  Your

8    Honor, Mr. Jenks understands that he exercised his

9    constitutional rights and understands that a jury found him

10   guilty.  And for that he understands the legal system and he

11   believes in it.  Having dedicated many years of public

12   service himself he understands that one convicted of a crime

13   punishment is appropriate.  I'm asking the court to take

14   into account all of the years of public service he had and

15   he wants his family to understand that people shouldn't

16   focus on mistakes but should move forward and make their

17   lives better.  And he hopes that he instilled in his family

18   the tools necessary for them to move forward and benefit

19   themselves.  And he hopes forgiveness from all, and just

20   hopes they can all have a happy life because that is all he

21   wants for them.

22         THE COURT:  Thank you.  Mr. Jenks, do you wish to make

23   any statement to the court?  If you would come to the

24   lectern if you wish to.

25         THE DEFENDANT:  I just want to say that I miss my

1    children.  Every day they're in my thoughts and sometimes I

2    don't know how I can deal with it.  And sometimes I wanted

3    to reach out to my girls and tell them that I love them so

4    much and to think about me and don't forget about me.

5         I pray to God every day to tell them that I love them

6    and my son.  And I always ask God to not to have them miss

7    me too much.  Don't forget about me.  I have lived a good

8    life.  I am getting older.  I did my best to abide by the

9    laws and the rules.  And as Elizabeth said, my years of

10   service to my people I went out and got education hoping to

11   go back to help them.  I raised three other girls from a

12   previous marriage and they all came out to be successful.

13   One is in finance with the LLC department, the other one is

14   in security, and the other one is teaching -- teaching at

15   the adult education.  They're all doing great.  I'm proud of

16   them.

17        I'm proud of my son Joshua.  Even though he lost his

18   leg, he had the courage to go out and obtain a bachelor's

19   degree in business science.  I'm very proud of them.  My

20   other girl Kathleen, I love her.  And I love my girls and my

21   son and I am proud of them too.  And also Danielle.  I did

22   my best to raise her the best that I could because I love

23   her too, like she is still my daughter otherwise I wouldn't

24   have adopted her.  But I still love her like my daughter.

25        But I just want to say thank you, Your Honor.  I

1     appreciate the job that you are doing.  I know that you have

2     got to do what is right and I appreciate it.  And I only ask

3     the letter that I wrote I just wanted to say that I -- I am

4     not a lofty person or vague or apathetic.  I care about

5     people.  I read every day in the newspapers.  I read about

6     this little Navajo girl that got abducted and I told the

7     Lord if I had been there I would have laid my life down for

8     her not to do anything bad to happen to her.  Because

9     children are precious and in sight they're precious.

10    They're our future and they have to be raised correctly.

11    But I just thank you, Your Honor.  Appreciate you.

12        THE COURT:  Thank you.  Now comes my decision to

13    decide what the appropriate sentence in this case should be.

14    First of all, I want to make some observations.  In a case,

15    and I think this is an appropriate case, sometimes it is

16    important for the court to become the spokesman for the

17    community in terms of conduct that has occurred and been

18    displayed and supported by evidence in the court.

19        In this case I want to address particularly several

20    particular individuals.  First of all I want to address the

21    victim.  I will refer to her by her first name Danielle.  I

22    want to make sure that Danielle understands first of all

23    that she has the right to restitution and I am sure that the

24    victims coordinator and her counsel will explain to her

25    those rights and we will honor her request.

1          Second, I want to commend Danielle for what I believe

2     has been displayed as very courageous actions.  First of

3     all, she spoke out and she put herself at risk, at risk of

4     losing the things that were important to her in terms of her

5     family upon threats that her family would be destroyed.

6     That she would face criticism from many people in the

7     community for taking this position against a person who was

8     successful and prominent in the community.  That there would

9     be attacks on her character, and I am sure there have been

10    attacks on her character, all of which took a lot of

11    courage, and that she has been accused of lying and making

12    up stories.  All of that took a lot of courage to be able to

13    stand up.  Not just here in court where she testified, but

14    initially to come forward and make the accusations in the

15    first place.  So to you, Danielle, I extend the community's

16    commendation for being courageous.

17         Second, I want to commend you for being cooperative

18    with the FBI and other law enforcement authorities.  Your

19    actions were very important in that respect.  And I want to

20    emphasize particularly the fact that you were willing to

21    come forward and testify in court, to sit in this courtroom,

22    raise your hand and swear to tell the truth and then relive

23    very painful experiences.  In many respects that required

24    you to be victimized again as you were required to tell your

25    story.  And I want to commend you and to know that the

1    community and the court appreciates what you have done and

2    your actions in that respect.

3        Sexual abuse is a serious problem in our community.

4    It is plagued by first of all disbelief.  Too often family

5    members, law enforcement, and others in the community

6    believe that when a young woman comes forward and complains

7    about having been sexually abused that she is making it up.

8    The objective evidence shows that that is almost always not

9    true, that there is a factual basis and it is a plague upon

10   our community.  And it is actions like yours, Danielle, that

11   made this kind of conduct unacceptable and shows the

12   importance of it.

13       I also want to commend you that it is important that

14   you came forward when you did.  I want to assure you

15   Danielle of something that I want you to take deeply to

16   heart.  You did nothing wrong.  You are not to blame.  The

17   fault is not yours in any way.  And to the extent you can

18   hear that and deal with it, I think it is important that you

19   know that.

20       I also would re-emphasize what Ms. Higgins has said.

21   You can now put this behind you.  Through the courage and

22   discipline that you have demonstrated, you can become a

23   whole and successful person.  The history will not be

24   undone, but it is what you do with this history that will

25   make you into the person that you can be in the future.

```
1        Second, I want to commend Danielle's mother.  First of
2    all for believing your daughter.  I think one of the most
3    important things in this trial was the testimony that when
4    Danielle finally got to the point that she had the courage
5    to come forward and talk to her mother, her mother believed
6    her.  Too many in our society don't believe the victims when
7    they come forward.  Not only did the mother believe her and
8    accept that what she told her was true, she acted
9    immediately to remove Danielle from the circumstances at
10   great risk to the mother, losing the entire family
11   structure, support that she had had in this situation.  I
12   want to commend you for taking this behavior because it was
13   truly important.
14        You have had the courage to take actions that would
15   impact your life and your family's life and that took great
16   courage.  And you had the courage to move away from the
17   situation and put the rest of your children in a position
18   where you felt safe and secure.
19        Next I want to recognize the family members that
20   supported Danielle.  I think it is extremely important that
21   she got the support from people who care about her.
22        And finally, I want to recognize and commend the FBI
23   and other law enforcement authorities.  Too often in our
24   justice system there are those who do not act immediately
25   upon this kind of conduct and are skeptical.  Tests have not
```

1   been done, items have not been followed up on.  Too often it

2   is assumed that the victim either consented or there was

3   some other basis to support the abuse.  In this case we had

4   FBI and law enforcement officers who acted immediately by

5   listening to Danielle and believing her.  And that is

6   important.  And it is important that they also did not

7   subject Danielle to an accusatory type of cross-examination

8   in which she was put on trial, that they listened to her

9   story and handled that examination appropriately.

10       I want to specifically comment on the effective and

11   delicate way in which the FBI officer handled the

12   interrogation and questioning of Danielle.  We heard much of

13   that during the course of the trial.  He did it

14   appropriately, he didn't accuse Danielle of wrongdoing, but

15   he obtained all of the important information to support the

16   prosecution of this case.  I think that is to be

17   commendable.

18       And finally, I want to commend the FBI for acting

19   immediately to collect the evidence.  This is a case in

20   which the DNA evidence and other evidence that was collected

21   was extremely important to the prosecution of the case.  If

22   they had been dilatory or otherwise not acted appropriately,

23   much of that evidence would likely have been lost.  And I

24   want to make sure that the FBI knows and acknowledges that

25   the court recognizes their appropriate behavior in this

1      case.

2          In making a decision as to what the appropriate

3      sentence should be, the first thing I want to note is the

4      facts in this case would support a sentence that exceeds the

5      guideline range of 360 to 365 months.  The guidelines make

6      it appropriate to impose a greater sentence when the

7      behavior is degrading, particularly humiliating, or takes

8      into account egregious conduct.  The facts of this case, I

9      believe, would support an above guideline sentence.  First

10     of all, as counsel has articulated, the nature and the

11     circumstances of this offense began at an extremely young

12     age, at 11.  His behavior then continued on a regular basis.

13     Even though there are only four counts, the evidence

14     supports that there were repeated instances of abuse, abuse

15     of the most vile and degrading kind, every kind of sexual

16     rape, anal rape, vaginal rape, oral rape, all imposed upon

17     the victim in this case without her consent and in a

18     situation where she was in a position of trust.

19         In addition to the continued ongoing abuse that is

20     described and supported by the evidence, we have a defendant

21     who was a law enforcement officer trained in criminal

22     justice who not only knew better, should have been trained

23     better and took advantage of this young woman.  Not only did

24     he perpetrate this kind of behavior, he engaged in deceptive

25     behavior teaching her to lie and to misrepresent what has

1   happened which could have stopped, absent this kind of

2   behavior, could have stopped the conduct at a much earlier

3   day.  We have the defendant that is well educated.  All of

4   these, I believe, could support and would support a sentence

5   of lifetime imprisonment.

6       On the other side of the ledger, however, I believe it

7   is important to take into account that the defendant has

8   participated in public service during much of his life.

9   There is evidence that he attempted to be a good father in

10  many respects, notwithstanding the vile crime that has been

11  committed here.  There is also a factor that the court

12  should take into account his age and health.  All of which

13  are factors that would, I think, support something less than

14  a lifetime sentence.

15      So for all of those reasons, I believe and I will

16  accept the recommendation of the United States that the

17  defendant be sentenced to the mandatory minimum, even though

18  if it were strongly requested I believe a greater sentence

19  could be supported by the facts.

20      Mr. Jenks, if you would stand I will impose sentence.

21  It is the judgment of the court that the defendant, Richard

22  Jenks, Junior, be placed in the custody of the United States

23  Bureau of Prisons for a period of 360 months.  Upon release

24  from confinement the defendant will be placed on supervised

25  release for life.  Within 72 hours of being released from

1    custody, the defendant shall report to the probation office

2    in the district where he is released.

3         There is no indication of drug abuse in this

4    particular case and the court waives any requirement for

5    drug testing.  The defendant is required to report under the

6    Adam Walsh Child Protection and Safety Act where he will

7    reside and any change of residence to the probation officer

8    responsible for his supervision and as required to register

9    as a sex offender in any state where the defendant resides,

10   is employed, or carries on a vocation or is a student.  The

11   defendant shall not commit any federal, state, or local

12   crime and as a convicted felon is prohibited from possessing

13   a firearm or other dangerous device.

14        Defendant shall not illegally possess a controlled

15   substance and shall comply with the standard conditions of

16   supervision which are adopted.  The following special

17   conditions apply:  The court orders that a Presentence

18   Report may be released to the state sex offender

19   registration agency if required for purposes of sex offender

20   registration.  The defendant shall participate in sex

21   offender treatment program as directed by the probation

22   office.  The defendant is restricted from contact with

23   individuals under the age of 18 without adult supervision

24   except as approved by the probation office.  The defendant

25   shall abide by the following occupational restrictions:  Any

1    employment shall be approved by the probation office.  If

2    third-party risks are identified, the probation office is

3    authorized to inform the defendant's employer of his status.

4    The defendant shall not review, access, possess sexually

5    explicit materials in any format.

6         The court finds that the defendant does not have the

7    ability to pay a fine.  The court reserves restitution for

8    90 days to be addressed upon further hearing and information

9    provided to the court.  The defendant is required to pay an

10   assessment fee in the total amount of $300.00, $100.00 for

11   each count of conviction.

12        Mr. Bautista, is there a recommendation as to where

13   Mr. Jenks would like to be assigned?

14        MR. BAUTISTA:  Your Honor, he is asking, if possible,

15   in the State of Colorado so that his family members would be

16   able to visit him.

17        THE COURT:  I will make that recommendation to the

18   Bureau of Prisons.  Any other recommendations?

19        MR. BAUTISTA:  Your Honor, he indicated to me that he

20   is just asking if there could be note that he is on insulin

21   dependence and he requests medical treatment while in

22   custody.

23        THE COURT:  I will provide that he should receive a

24   medical evaluation, of course appropriate medical treatment.

25        Ms. Higgins, any additions or corrections to the

1        sentence imposed?

2              MS. HIGGINS:  No, Your Honor.

3              THE COURT:  Ryan, can you just -- should we set a date

4        for the restitution hearing?

5              THE CLERK:  How about September 13th at 3:00.

6              MS. HIGGINS:  That works for the United States.

7              THE COURT:  That will be the date set for restitution.

8        Anything further before we recess?

9              MS. HIGGINS:  Nothing further from the United States.

10             MR. BAUTISTA:  No, Your Honor.

11             THE COURT:  Thank you.  We will be in recess.

12             MS. HIGGINS:  Thank you, judge.

13             (Whereupon, the hearing concluded at 2:45 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    STATE OF UTAH            )

 2                             )ss

 3    COUNTY OF SALT LAKE      )

 4

 5            I, Laura W. Robinson, Certified Shorthand

 6    Reporter, Registered Professional Reporter and Notary Public

 7    within and for the County of Salt Lake, State of Utah, do

 8    hereby certify:

 9            That the foregoing proceedings were taken before

10    me at the time and place set forth herein and were taken

11    down by me in shorthand and thereafter transcribed into

12    typewriting under my direction and supervision;

13            That the foregoing pages contain a true and

14    correct transcription of my said shorthand notes so taken.

15            In witness whereof I have subscribed my name

16    this 18th day of August, 2016.

17

18                              _____

19                              Laura W. Robinson

20                              RPR, FCRR, CSR, CP

21

22

23

24

25
```

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States

Attorney's Office, and an electronic copy via the ECF system of the

foregoing SUPPLEMENTAL APPENDIX VOLUME I was served to all

parties named below, this 1st day of October, 2020.

Andrew Parnes
Law Office of Andrew Parnes
671 First Avenue North
P.O. Box 5988
Ketchum, ID 83340
(208) 726-1010
aparnes@mindspring.com


Ann Marie Taliaferro
Brown, Bradshaw & Moffat
422 North 300 West
Salt Lake City, UT 84103
(801) 532-5297
ann@brownbradshaw.com


/s/ Libby Oberg
LIBBY OBERG
Legal Administrative Specialist

## CERTIFICATION OF DIGITAL SUBMISSIONS

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that

(1)    All required privacy redactions have been made and, with the exception of any redactions, every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the clerk; and

(2)    The ECF submission has been scanned for viruses with the most recent version of "McAfee," version number 5.6.1.308, last updated this 1st day of October, 2020, and according to the program, is free of viruses.


*/s/ Libby Oberg*
LIBBY OBERG
Legal Administrative Specialist